[No. 2119.]

## FALKE ET AL. v. BRULE ET AL.

1.  **Sales—Chattel Mortgages—Bills and Notes.**

    Plaintiffs agreed with their debtor to purchase his stock of goods and gave him their promissory note for the amount of the agreed purchase price over and above his debt to them and took from him a bill of sale. On the same day another creditor attached the goods and plaintiffs and the debtor made another agreement whereby they abandoned the sale and plaintiffs paid off the attachment claim and added it to their own claim, and took the debtor's note and a chattel mortgage on the goods to secure it. The debtor agreed to return plaintiffs' note, but failed to do so, and indorsed it to defendants who had full knowledge of the transaction between plaintiffs and the debtor. Defendants transferred the note before maturity to an innocent purchaser,

and plaintiffs were compelled to pay the note., Held, that plain-
tiffs and the debtor had a right to abandon their agreement of
sale and substitute therefor. the chattel mortgage. That the
entire proceeding constituted but one transaction and a formal
resale from plaintiffs to the debtor was not necessary. That
plaintiffs' note indorsed to defendants was without considera-
tion and defendants were liable to plaintiffs for the amount
plaintiffs were required to pay thereon.

**2. Appellate Practice—Assignment of Errors—Abandonment.**

Assignments of error not argued or presented in appellants'
brief will be treated as having been abandoned.

*Appeal from the District Court of Arapahoe County.*

Mr. L. E. C. HINCKLEY, for appellants.

Mr. JOHN T. BOTTOM and Mr. F. A. WILLIAMS,
for appellees.

WILSON, P. J.

H. Buddendick, a merchant, was indebted to
plaintiffs, appellees herein, in the sum of three hun-
dred dollars. In order to make settlement Budden-
dick sold to plaintiffs his entire stock of goods, fix-
tures, etc., estimated to be worth about nine hundred
dollars, the consideration being this debt of three
hundred dollars and the sum of four hundred dol-
lars to be paid to him by plaintiffs for which amount
plaintiffs executed and delivered to Buddendick two
promissory notes payable three months after date.
The sale was evidenced by a memorandum in writ-
ing, and plaintiffs took actual and full possession of
the stock. On the same day and within a few hours
thereafter at the instance of Plummer & Co., another
creditor of Buddendick, a portion of the stock was
seized and levied upon under a writ of attachment.
Thereupon and on the same day plaintiffs and Bud-
dendick after consultation with a lawyer concluded
that it would be advisable to abandon the sale and
that in lieu thereof Buddendick would execute to

plaintiffs a note covering the amount of his indebtedness to them, and also the amount of the Plummer claim, and costs of suit, which plaintiffs agreed to assume and discharge, and execute a chattel mortgage upon the stock of goods to secure payment of this note. This plan was carried into effect immediately. Buddendick executed his note to plaintiffs for $500, being the amount of the Plummer and plaintiffs' claims, and contemporaneously executed the chattel mortgage to secure it. It was a part of this agreement that Buddendick should return the two notes for four hundred dollars which had been given to him in the morning. This he failed to do at the time of the execution of the mortgage, stating that he had left the notes at home but that he would get them and deliver them to plaintiffs. This he also wholly failed to do, and subsequently on the same evening or the next morning assigned them to defendant, The Falke Mercantile Company, another creditor, who at the time it was claimed by plaintiffs, had full knowledge of the infirmity which attached to the notes and of the entire transaction between plaintiffs and Buddendick. The defendant company on the next day, it is charged, assigned these notes to a third party, who by reason of being an innocent purchaser before maturity, prevailed in a suit upon the notes and compelled payment by plaintiffs. This suit is brought by plaintiffs to recover from the Falke company the amount which they were thus compelled to pay, on the ground that the assignment was made by it with full knowledge of the payment and invalidity of the notes.

The main contention of defendants is that the notes for four hundred dollars were not paid, and that the promise on Buddendick's part if any to give them back was wholly without consideration, and not enforceable against him. This is based upon the

claim by defendants that the property having passed to plaintiffs by virtue of the sale and the sale being complete it was necessary that the title should repass to Buddendick so as to give a basis for the chattel mortgage claimed to have been substituted for the bill of sale. In other words, counsel urge that Buddendick was never reinvested with the title to the property, and that hence the chattel mortgage was void and of no effect because of this want of title at the time of its execution. We see no force in this contention. In fact the entire proceeding on the day between Buddendick and plaintiffs was one transaction. The one purpose and object of all was the satisfaction of the debt to plaintiffs. The chattel mortgage agreement was but a substitution for the agreement of sale. They had a perfect right to abandon the latter and substitute the former; indeed, they might have subsequently, if they had desired, abandoned the latter and reaffirmed the former. No formality of a written reconveyance and an actual and visible retaking of possession was required, because such if necessary was understood between the parties, and their assent would be implied from their acts, and nobody could complain except a party whose rights might have intervened. There were no intervening rights, however, except the Plummer claim, and that was gotten out of the way through means of its payment by plaintiffs. We cannot see where the statute of frauds has any application at all to the transactions between Buddendick and plaintiffs, whether they be considered as only one or several. They started out to make a sale but concluded to abandon it. How defendants were prejudiced we cannot conceive. Everything was complete and fully consummated before the defendant company attempted to assert any right. Buddendick had an undisputed legal right to prefer plaintiffs as creditors.

That there was a full and *bona fide* consideration for the five hundred dollar note, payment of which was secured by the chattel mortgage, is not questioned and there is nothing connected with the entire transaction which discloses in our opinion the slightest taint of fraud, actual or legal, upon other creditors of Buddendick.

This is the main and only question argued by counsel in his brief, and in the court holding adversely to defendants upon it we see no error. Whether defendant at the time it secured the notes from Buddendick had full notice and knowledge of the transaction between him and plaintiffs and of the satisfaction of the notes in the manner charged was a question of fact upon which the finding of the court was adverse to it, and it being sustained by the evidence this court is concluded by it.

Defendants assigned a number of errors based upon the admission of incompetent, and the rejection of competent, evidence. Counsel have not seen fit, however, to argue these assignments, not even presenting them in the briefs, and for this reason they will be treated as having been abandoned and requiring no notice.

The judgment will be affirmed.        *Affirmed.*