ANNA D. GAGE et al. v. CANTWELL et al., Appellants.

Division Two, December 12, 1905.

1. **CONVEYANCE: Identification of Grantee.** In a suit to try, ascertain and determine the title of the parties to a certain tract of land, brought by plaintiffs as the wife and only child of E. L. Gage, testimony by the wife that E. L. Gage was her husband, that he resided at Alpine, Texas, that he died in Chicago, that he owned and claimed the land in suit and that she had heard some months before that it had been sold for taxes, and a deed under which he claimed title describing him as "E. L. Gage of Alpine, Texas," identified the E. L. Gage who died in Chicago as the same E. L. Gage named as grantee in the deed.

2. **TAX TITLE: Suit Against Deceased Person.** A judgment in a suit for taxes against a deceased person and a sale under execution conveys no title.

3. **QUIETING TITLE: Chain of Deeds: Common Source.** In a suit to quiet title where plaintiffs claim as heirs at law of E. L. Gage and introduce a deed from a record owner to E. L. Gage

and a judgment for taxes against E. L. Gage and a sale to defendants, and testimony to show that E. L. Gage was dead when the suit for taxes was begun, and defendants offer no evidence, neither party being in possession, there is a sufficient showing of a common source of title to authorize a judgment for plaintiffs.

Appeal from Washington Circuit Court.—*Hon. F. R. Dearing,* Judge.

AFFIRMED.

*Anthony & Eversole* and *Edw. DeArcy* for appellants.

(1) The court erred in finding that E. L. Gage, the party taking deed under S. D. Cobberly, was the same person as the party mentioned as E. L. Gage, in the deposition of Anne D. Gage, who died in Chicago in 1892. Identity of name is not equivalent to identity of person. Lucas v. Land Co., 186 Mo. 445. (2) The finding of the court, as to the fee simple title, or any finding of right, title or interest in plaintiffs was error. The plaintiffs having alleged that they were the owners in fee of the premises in the petition described, were required to prove it. Meriwether v. Love, 167 Mo. 514. (3) Common source of title only applies where there is possession under one who is a common source of title and was in possession. Cunningham v. Powell, 97 Mo. 525; Fellows v. Wise, 46 Mo. 350; Brown v. Brown, 45 Mo. 412; Matney v. Graham, 59 Mo. 190; Alexander v. Campbell, 74 Mo. 142; Hunt v. Railroad, 75 Mo. 252. (4) There is no allegation or proof of any possession by the plaintiffs, and where there is no title on either side the prior possession under claim of title will prevail, but the plaintiff having failed to prove the allegations of the petition, the defendants were not required to prove their right to the said premises, whether by right of legal title or possession. Mulherin v. Simpson, 124 Mo. 610; Bledsoe

v. Simms, 53 Mo. 305. (5) The court erred in permitting plaintiffs to introduce in evidence the deed of S. D. Cobberly to E. L. Gage. No title having been shown in S. D. Cobberly and no possession having been shown in E. L. Gage under said deed, the same was incompetent and irrelevant for all purposes, there being no showing that the said deed was ever delivered, or that the person mentioned as grantee in said deed and the E. L. Gage mentioned in the deposition of Anne D. Gage, were one and the same person.

*Warren D. Isenberg* for respondents.

(1) Identity of name under proper circumstances is prima facie proof of identity of person. In this case it is positively proved and the court so found. Lucas v. Land Co., 186 Mo. 445, is good law under facts of that case, but has no application in this case. (2) As between the parties to the suit plaintiff showed a fee simple title—one which defendants sought to acquire. The recital of the deed and the suit being against E. L. Gage (the statutes require the record owner to be sued; that was E. L. Gage) dead though he was, makes that deed prima facie proof of ownership. R. S. 1899, sec. 3150. The case of Meriwether v. Love, 167 Mo. 514, has no application to the text which it is sought to support by appellants. (3) Appellants contend that common source of title is only available where there is possession under one who is a common source of title, and cite Cummings v. Powell, 97 Mo. 525. We fail to see any application of the case cited. The possession of the land is not involved. The court gave no writ of possession. The holder of the better title is always entitled to the possession. The right to the possession always follows the paper title. The defendant claimed the land of E. L. Gage under a void judgment, execution and sale for taxes—the whole proceedings be-

ing against a dead man. Common source of title is always a good title. Defendant had no title at all and no possession of the land. If a common source is not sufficient, we fail to see any reason why it is good in any action. In ejectment, both the question of title and possession is involved. Bank v. Harrison, 39 Mo. 433; Holland v. Adair, 55 Mo. 40; Chouquette v. Barada, 33 Mo. 249; Brown v. Brown, 45 Mo. 412. The defendants can not deny E. L. Gage's title and still claim under it. Bank v. Manard, 51 Mo. 548; Butcher v. Rogers, 60 Mo. 138; Miller v. Hardin, 64 Mo. 545; Smith v. Lindsey, 89 Mo. 76. Plaintiff has a right to show whatever interest defendant had was derived from the common source of title. This may be shown by parol, as in this case, as well as by records. Grandy v. Carey, 93 Mo. 595; Finch v. Ullman, 105 Mo. 255; Smith v. Lindsey, 89 Mo. 76.

FOX, J.—This cause is in this court upon an appeal by defendants from a judgment rendered against them by the Washington County Circuit Court. This action was brought under section 650, Revised Statutes 1899, to try, ascertain and define the title of the parties plaintiff and defendant, in and to the land described in the petition. As the sufficiency of the petition is not challenged, we see no necessity for reproducing it here. After the institution of the suit by respondent, Henry C. Bell was made a party and he entered his appearance, and together with his co-defendant Cantwell, they filed a joint answer, alleging Cantwell to be the owner of the land, and followed with a general denial of the allegations of the petition.

Plaintiff offered in evidence the deposition of Anna D. Gage, one of the plaintiffs, who testified that she was the widow of E. L. Gage, and resided in Cincinnati, Ohio, and lived in Cincinnati about nine years, but resided in Texas before that time. That she was the wife of E. L. Gage and for over twenty years they

lived together at Alpine, Texas; that E. L. Gage, her husband, was dead; that he died in Chicago in 1892; that there was only one child born to their marriage, a daughter, who is unmarried and living with Anna D. Gage; her name is Harriet A. Gage, and is over eighteen years old; that her husband's title papers are lost and that she had searched among hers and his papers, which were in her possession, but could not find them; he had his papers scattered from Alpine, Texas, to Chicago, and that she did not know what became of his title papers. She further testified that E. L. Gage owned the land in suit. She further stated that she knew it and knew it all along that he owned the land, and learned a few months ago that it was sold for taxes. She also said that E. L. Gage died intestate. Plaintiffs then introduced a deed from S. D. Cobberly and Catherine E. Cobberly, his wife, by S. D. Cobberly, her attorney in fact, conveying the land in controversy to E. L. Gage of Alpine, Texas. Then followed the introduction of the record of the tax suit of State ex rel. Collector of Washington County, Missouri, against E. L. Gage, begun May 17, 1894, and the order of publication, and the judgment of the circuit court, and the deed made in pursuance of the sale under such judgment, conveying the land to Henry C. Bell, trustee, and a deed from Henry C. Bell to H. J. Cantwell, the defendant, all of which were recorded. Henry C. Bell was introduced as a witness, substantially testifying that he acquired his title to this land by purchase at the sheriff's sale under the tax proceeding, as trustee for himself and others. This was all the testimony on the part of the plaintiffs, and defendant introduced none. There were no instructions requested, given or refused, except the one at the close of the plaintiff's case in the nature of a demurrer to the evidnce, which was by the court overruled.

The cause was submitted to the court and a finding was had for the plaintiffs, and the following judg-

Gage v. Cantwell.

ment was entered of record: "Now at this day this cause coming on for trial upon the pleading and proof, come the plaintiff by attorney and the defendant by attorney, and all matters of law and fact being submitted to the court, and the court having heard the argument of counsel and all the evidence doth find for the plaintiffs, Anna D. Gage and Harriett A. Gage, and against the defendants Harry J. Cantwell and Henry C. Bell. It is therefore, ordered, adjudged and decreed by this court that the fee simple title and the right to the possession in and to the following described land in Washington county, Missouri, is in the said plaintiffs Anna D. Gage and Harriet A. Gage, said lands being described as follows: The east half of the southwest quarter, and lots one and two of the northwest quarter, of section number five, township number thirty-five, range one east, containing two hundred and forty acres of land, more or less, and that the defendants Harry J. Cantwell and H. C. Bell have no right, title or interest in and to said lands or any part thereof, and had not on the 10th day of December, 1901, or at any time since the institution of this suit, and they are hereby debarred from asserting or claiming any right, title or interest hereafter in and to all or any part of said land. It is further adjudged that plaintiff recover of and from the defendants all costs, in this behalf expended, for all of which execution may issue."

Motions for new trial and in arrest of judgment were filed and by the court overruled, and from the judgment rendered the defendants prosecuted their appeal to this court, and the record is now before us for consideration.

#### OPINION.

The errors complained of by appellants, as disclosed by the record before us and suggested in the brief of counsel, may thus be briefly stated:

1. That the court erred in finding that E. L. Gage, the grantee in the deed from S. D. Cobberly, was the same E. L. Gage who died in Chicago in 1892, as testified to by Anna D. Gage, his widow.

2. That the testimony as to the title to this land on the part of the plaintiffs was insufficient to authorize and warrant the decree rendered.

3. That under the facts of this case there was no common source of title, and hence it was incumbent upon the plaintiffs to establish their title by proper legal conveyances from its original source.

We are unable to agree with learned counsel for appellant upon any of the contentions urged in this case. Upon the first proposition, we have carefully read in detail the deposition of one of the plaintiffs, Anna D. Gage, and it is clear that her testimony sufficiently identifies the grantee in the Cobberly deed. Her testimony refers to E. L. Gage, her husband; that he resided at one time in Alpine, Texas; and the Cobberly deed recites, "E. L. Gage of Alpine, Texas," and the identification is emphasized by the additional statement that he owned and claimed the land in suit, and that she had heard some months before that it had been sold for taxes. In the absence of any testimony to the contrary, as to the identification of E. L. Gage, the conclusion is inevitable that the court was fully warranted in finding that E. L. Gage, the husband of Anna D. Gage and the father of Harriet A. Gage, was the grantee in the Cobberly deed.

Upon the second proposition, that the testimony as to the title of the plaintiffs was insufficient to warrant the finding and decree of the court, it is sufficient to say, that from a careful analysis and consideration of the facts developed in this cause, it is apparent that the testimony furnishes ample proof to support the finding and judgment by the court. Taking a practical view of this controversy, it is narrowed down to a very small compass. So far as the testimony discloses,

neither plaintiffs nor defendant were in the actual possession of the land in dispute. The only claim of any interest in this land, on the part of defendants, is through E. L. Gage, by the tax proceeding. If E. L. Gage was dead at the time of the institution of that suit, and the rendition of judgment, and the testimony is sufficient to warrant the court in finding that he was dead, then it is not seriously contended on the part of the defendants that they acquired any title by that proceeding. The plaintiffs in this cause claim through E. L. Gage, and introduce proof showing that at the time of the tax proceeding he was dead, and that he died intestate, and that Anna D. Gage and her daughter were the only next of kin surviving him. Following this testimony plaintiffs introduce a deed in due form, from S. D. Cobberly to E. L. Gage, conveying the land in controversy. As between the parties to this action we are of the opinion that this showing was sufficient to authorize the finding and decree of the court. It must not be overlooked that the trial court in this cause, under the provisions of section 650, supra, was simply undertaking to settle a controversy in respect to the title to this land as between these parties. Plaintiffs claim by inheritance, through E. L. Gage, and the defendants claim through E. L. Gage by virtue of sale of his interest in this land, under the judgment in the tax proceeding, and we see no reason or necessity, under the facts of this case, to have required the plaintiffs to introduce their chain of title from the government down to E. L. Gage. The deed from S. D. Cobberly, introduced in evidence by the plaintiffs, established the fact that he was the record owner of this land, and, as was expressly ruled in the case of Graton v. Holliday-Klotz Land & Lumber Co., 189 Mo. 322, this in addition to the other testimony introduced by the plaintiffs, as against the defendants, whose only claim of interest in this land was based

upon a sheriff's deed, without force or vitality, was sufficient to support the finding and decree of the court in favor of the plaintiffs. The case of Graton v. Holliday-Klotz Lumber Company, supra, was a proceeding under this same section, to ascertain and define the title, by the plaintiff, and the essential requisites of the necessary proof in actions seeking relief, under the provisions of that section, are fully discussed. GANTT, J., speaking for the court in that case, after quoting section 650, says: "It is to be observed that by the language of the enactment the controversy is limited to the respective claims of the parties to the action. The statute does not require that the plaintiff shall establish an indefeasible title against the world. The statute does not authorize a proceeding which would make the decree operate as a judgment *in rem*. By its terms no right or title can be litigated save and except such as may be asserted by the plaintiff and the defendant respectively, and a decree under the statute would not be binding against strangers to the title and party to the suit. This section has often been before this court since its enactment, and the statute has been given a highly remedial and beneficial construction. Its purpose clearly is to supplement the old equitable remedy of removing cloud upon title and is much more comprehensive in its scope. [Huff v. Land & Improvement Company, 157 Mo. 65; Garrison v. Frazier, 165 Mo. 40; Ball v. Woolfolk, 175 Mo. 278.] Under a similar but more restricted statute than ours, section 3490, II. Comp. Laws of 1857 of Michigan, by which any person having possession may institute a suit against another person setting up a claim thereto in opposition to the title claimed by the complainant and require the defendant to establish his title to such land, it was ruled in Hall v. Kellogg, 16 Mich. l. c. 138, that the complainant was only bound to make out a case as against the defendant, and 'would not be required to make proof of title beyond that which, when establish-

ing a presumptive case, had not been met by any proofs adequate to shake or destroy it.' The contention in that case was that the statute required the complainant to establish his title by clear and satisfactory proof. In answer to this contention, the Supreme Court of that State said: 'If a bill under the statute in question could be filed against all possible parties, so as to make the decree operate as a decree *in rem,* to quiet the title against all the world, there would be great force in this objection, and it would be necessary to decide what amount of proof would suffice to shut out any adverse propositions or possibilities. But we have already decided in Hunton v. Platt, 11 Mich. 264, that a bill seeking to bring in defendants having distinct and disconnected adverse claims would be multifarious. No claim can be litigated by complainant in this cause, excepting such as may be asserted by the defendant. The decree cannot be binding against strangers to the title and parties to this suit. We can see, therefore, no reason for requiring of the complainant any proof of title beyond that which, when making out a presumptive case against the defendant, has not been met by any proofs adequate to shake or destroy it. And the same doctrine is asserted in Rayner v. Lee, 20 Mich. l. c. 388. In Loomis v. Roberts, 57 Mich. l. c. 288, the same court said: 'The defendant's solicitor contends that it was incumbent upon the complainant to substantiate and clearly establish his title as alleged; and he claims that it was indispensable for him to trace his right to the legal title by a continuous chain back to Pettibone, not through the quitclaim deed direct from Pettibone to him, but through the intermediate contract and conveyance alleged.' But the court held that if the complainant made out a presumptive case against the defendant which had not been met by any proofs adequate to shake or destroy it, it was sufficient under that statute."

It will be observed that the essential features of the Graton case involved the same principles as the case at bar. The Lumber Company in that case asserted title through a void deed emanating from a tax proceeding, purporting to be against the plaintiff. The plaintiff in that case was unable to make any showing of title except a warranty deed, duly recorded in the recorder's office of the county in which the land was situated. The trial court held that the showing made by plaintiff was insufficient. The judgment of the trial court in that case was reversed; and in announcing the conclusions reached by this court, it was said: "It is sufficient even in ejectment to show that both plaintiff and defendant claim under the common source of title. It seems to us that we violate no rule of justice, in the circumstances of this case, in applying that doctrine to the facts before us, and in holding that as against the defendant, whose only assertion of title is a void deed purporting to convey the plaintiff's interest, it was sufficient to show that plaintiff was claiming the land under a warranty deed duly recorded, and that defendant's only title thereto was the void sheriff's deed above noted. We are strengthened in this view by the further consideration that the State, through its lawmaking power, deems it sufficient in the enforcement of its taxes to make the last record owner the defendant in these tax suits, and, if the recording of plaintiff's deed is deemed sufficient evidence of title to justify the taking of the property when these tax proceedings are regular, we can see no reason why the same evidence of title will not suffice, as between such record owner and one who claims his title under the record owner, when the proceedings are void."

This case must be held as decisive of the contention of the defendants, that in order to warrant the decree of title in this case it was necessary to establish a chain of title from its original source. This judgment and decree does not affect anyone except the parties

to the suit, and as between the parties to this proceeding, we see no escape from the conclusion that the decree and judgment was proper.

Finding no reversible error disclosed by the record, this judgment should be affirmed, and it is so ordered.

All concur.