[No. 5248.]
[No. 2873 C. A.]

THE WESTERN UNION TELEGRAPH COMPANY v. OLSSON.

1. **Appellate Practice — Assignments of Error — Failure to Discuss—Waiver.**

    An assignment of error not discussed in the appellate court, is deemed waived.—P. 265.

2. **Master and Servant—Injuries to Third Persons—Joint Negligence—Pleading—Proof—Variance.**

    In an action against a telegraph company and its agent for a personal injury received, the complaint alleged that the defendants negligently kept and maintained a loaded revolver in the telegraph office, and that the same fell from a shelf therein and was discharged, thereby injuring plaintiff, but did not allege the negligence of the employee to support the liability of the company; separate answers were filed denying such allegations. On the trial, it was shown that neither the company nor its officers had any knowledge whatever of the existence of the revolver, or that it was being kept in the office. Held, that, under the pleadings and evidence, the company is not liable. —P. 266.

3. **Same—Instructions.**

    In an action for a personal injury received on account of the alleged joint negligence of a telegraph company and its agent in keeping a loaded revolver in the office where it fell and was discharged, thereby injuring plaintiff, it was error to give an instruction that if the defendant agent kept the revolver for the purpose, among other things, of protecting and caring for the property of the company, and the same was done in the line of his duty and within the scope of his employment, then it is immaterial whether the defendant company had actual knowledge of the fact that the revolver was so kept, and likewise, if, in keeping said revolver, he acted under no positive instruction of the company; and it was error to refuse an instruction that the jury must find that the company either knew of the presence of

the revolver in the premises or had given instructions that the same be kept therein, in order to find for the plaintiff, where no instruction covering this ground had been given, since it is in accord with both the complaint and the law that joint negligence must be proven.—P. 267.

*Appeal from the District Court of San Miguel County.*

*Hon. Theron Stevens, Judge.*

Action by F. A. Olsson against The Western Union Telegraph Company. From a judgment for plaintiff, the telegraph company appeals.

*Reversed.*

Mr. I. N. STEVENS, Mr. JOHN T. BOTTOM, and Mr. H. E. KELLY, for appellant.

Mr. W. O. TEMPLE and Mr. S. D. CRUMP, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Action by appellee (as plaintiff below) against the appellant and W. S. McCall, alleging in substance that appellant maintained a public telegraph office in Telluride, Colorado, and that McCall was in its employ as operator and manager; that the defendants negligently kept and maintained a loaded revolver in said office, and that the same fell from a shelf therein and was discharged and plaintiff was wounded and injured as a result of the discharge.

The appellant filed a petition to remove the cause to the United States circuit court, alleging that it was a non-resident corporation, and that there was a separable controversy between it and the plaintiff, and that the cause of action against it and McCall was different. This motion was overruled and such action of the court was assigned as error, but the assignment is not discussed by the appellant

in its brief, and therefore the question of removal is not presented for our consideration.

The defendants subsequently demurred to the complaint on the ground of misjoinder of parties and causes of action. This demurrer was overruled, and they filed separate answers, denying all the allegations of the complaint.

The appellee defends the action of the trial court in denying the petition to remove the cause to the federal court upon the ground that it is a joint cause of action, charging joint negligence. Assuming the correctness of such contention, we find no evidence whatever to sustain the verdict and judgment herein. The testimony does not show any negligence on the part of the appellant company. Plaintiff might have averred the negligence of the employee to support the liability of the company, but he has elected to allege joint negligence of both the company and employee. At the hearing, he seems to have relied upon the negligence of the employee to sustain the liability of the company as well as of the employee himself. The negligence of the company could only be shown by proof of its direction to its employee to keep and maintain a loaded revolver in its office, or by ratification of the act, the company having knowledge of its being there. The record affirmatively shows that neither the company nor its officers had any knowledge whatever of the existence of the revolver, or that it was being kept in the office. The proof does not sustain the allegations of the complaint in respect to joint negligence, and in the absence of joint negligence there is no joint liability in such cases.

In the case of *Warax v. R. R. Co.*, 72 Fed. 643, it is stated:

"It will thus be seen that the master is not held on any theory that he personally interferes to cause

the injury.   It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with the orders he has given them on the subject.   The liability of the servant, on the other hand, arises wholly because of his personal act in doing the wrong.   It does not grow out of the relation of master and servant, and does not exist at all unless it would also exist for the same act when committed, not as the servant but as the principal. Liabilities created on two such wholly different grounds are not, and ought not to be, joint.''

This case cites and discusses many decisions bearing upon this question and it has been repeatedly affirmed by the federal court, and is supported by reason and the weight of authority.—*Helms v. R. R. Co.*, 120 Fed. 389; *Gustafson v. R. R. Co.*, 128 Fed. 85; *Shafer v. Brick Co.*, 128 Fed. 97; *Ross v. Erie R. R. Co.*, 120 Fed. 703; 5 Thomp. Neg., § 5776, and cases cited.

It is manifest from the instructions to the jury that the trial court overlooked the law above stated, which governs in cases of this character, and confused negligence and liability.   The instructions are contradictory and evidently misleading.   In the court's second instruction the jury was directed that they must find by a preponderance of the evidence that the *defendants* negligently and carelessly kept and maintained a revolver in the position and place in which it was.   This is correct and based upon the pleadings, but the court further instructed the jury, at the request of the plaintiff, that ''if you find that the defendant McCall, as agent for the defendant company, kept the revolver in question for the purpose, among other things, of protecting and caring for the property of his employers, and the same was

done in the line of his duty and within the scope of his employment, then it is immaterial whether the defendant company and its officers had actual knowledge of the fact that the revolver was so kept, and likewise if, in keeping said revolver, he acted under no positive direction or instruction of his employer.'' This instruction would be correct if the action was based upon the negligence of the servant, but it is erroneous in view of the pleadings that the negligence of both master and servant concur in the injury.

The defendants below asked for an instruction to the effect that the jury must find that the company either knew of the presence of the revolver in said premises, or had given instructions that the same be kept therein, and that if they should find that the company had no knowledge that the revolver was so kept on the premises, or had not directed that it should be kept there, they should find for the defendant. There was no other instruction covering this ground, and it should have been given. It is in accord with the requirements both of the complaint and the law that joint negligence must be proven. Without proof of the joint negligence the verdict should have been set aside.

In *Helms v. R. R. Co., supra,* the court in quoting from *Mulchey v. Society,* 125 Mass. 487, states that ''the jury should have been instructed as requested by the defendants that this action   *   *   * could not be sustained against both the society and its agents. If there was any negligence in the agents   *   *   * for which they could be held liable, their principal would be responsible, not as if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be, neither in fact nor in legal intend-

ment, a joint act of the principal and of the agents, and therefore both could not be jointly sued."

The judgment must be reversed.   *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAX-WELL concur.