Hurlbut, J.,
rendered the opinion of the court.
July 23, 1909, appellee, as plaintiff, instituted an action against appellant to quiet title to land in Washington county. Judgment was rendered for plaintiff, and the cause is here hy proper appeal.
Complaint was in usual form, to which defendant filed an answer containing a general denial, also a defense based upon a treasurer’s tax deed alleged to have been duly recorded. To this answer plaintiff replied, denying defendant’s title, and alleging that the tax deed was void on its face for a number of reasons therein set forth.
Appellant contends that the trial court committed reversible error in admitting in evidence, over his objection, a certain quit-claim deed conveying title to appellee. The deed, recites that the grantors therein are the children and sole* heirs at law of John H. Gear, deceased. It is conceded that said Gear was the father of said grantors, and held the title to the premises at the time of his death. The deposition of one W. D. Eaton was admitted in evidence, without objection. He was a disinterested person and not related to either party. It appears therefrom that Gear died in Washington, D. C., *294 in July,. 1900, and was the owner of, or had' some title.lo, the land in question at the time of his death; -that he' left surviving him as his sole'héirs at law Ruth Gr. Rand; Margaret Gr. Blythe, and his wife, Harriet F. Gear, the latter dying intestate in Burlington, íowa, in October; 1902, leaving as her sole heirs at law said Ruth G. Rand and Margaret G. Blythe; that the quit-claim deed in question was submitted to deponent for his inspection, and he identified the signatures of Ruth G. Rand; and Margaret G. Blythe, grantors therein. Defendant objected to the introduction of said quit-cláim deed in evidence, in these words: ’
“I make the objection to the last deed (Ex. C.) offered in evidence, as incompetent and immaterial in the way. of evidence, and that it does' not appear that it conveys any title, that is to say, my proposition is that it requires something more than the showing that a person died intestate to enable good title, to these lands to be conveyed by the deed of the heirs, and that this last deed, the quit-claim deed of these assumed heirs, is incompetent and immaterial to establish that fact. ” '.
It would appear from this that .appellant made no point on the proof of intestacy of John H. Gear, but rather by inference conceded it. The objection appears to be directed to the question of failure of proof on behalf of appellee showing that the grantors in the deed were the lawful and only heirs at law of John and Harriet Gear. In the absence of any evidence to the contrary, we think the evidence found in the deposition, coupled with the recitals in the deed, sufficiently shows that the grantors therein named were the sole heirs ■ at law of both John and Harriet Gear, and that both.the Mst two persons died intestate.. Under . the laws of this state said grantors inherited the property in issue, and the deed executed by them conveyed the title to appellee. Against defendant’s failure to prove any title *295 whatever to the premises, this showing'was sufficient tó entitle plaintiff to the relief prayed for in his complaint'. —Gage v. Cantwell, 191 Mo., 698, 91 S. W., 119. The record shows that John H. Gear at the time of his déáth was the owner of the premises through mesne conveyances from the government of the United Statés. Théré i's no showing by. the record that either party was in actual possession of the premises at any time. ■ Plaintiff, however, was in constructive possession thereof by Virtue of the title vested in him through such conveyances.— Empire R. & C. Co. v. Bender, 49 Colo., 522, 113 Pac., 494.
Under the record as it now appears defendant is practically out of court. He attempted to establish his pleaded title to the premises by offering in evidence a tax deed-void on its face, which, upon objection, was excluded by the court. This being the case, he could not call upon plaintiff to prove either his title to, or possession of, the premises. In Empire R. & C. Co. v. Bender, supra (being an action to quiet title like the one before us), defendant there relied upon a title emanating from a tax deed void on its face, which, when offered in evidence, was rejected by the court. The court said:
“The moment defendant’s alleged adverse title failed, as it did when it offered in support of it a tax deed void on its face, it had no further interest in the cause, and could raise no other issue. That part of its answer denying plaintiff’s title and possession, under such condition, was in law a nullity. It is only when a defendant has shown by .his answer that he has an interest in the' property adverse to plaintiff, such as will entitle him, on proper proof, to some relief in connection therewith, that he is in position to put plaintiff to proof of his possession and ownership under the statute. - To illustrate, if' defendant had answered only a general denial, that would not have put plaintiff to proof, but would *296 have been equivalent to a disclaimer, and judgment must have gone for plaintiff on the pleadings. So in this case, when the defendant failed to establish its alleged adverse title, it was in effect out of court, and its offer to show naked legal title in a third person was wholly irrelevant and immaterial. It is only because of his adverse interest that a defendant is permitted to question a plaintiff's rights at all. — Wall v. Magnes, 17 Colo., 476, 30 Pac., 56; Lambert v. Shumway, 36 Colo., 350, 85 Pac., 89; Weston v. Estey, 22 Colo., 341, 45 Pac., 367.”
We notice that the first assignment of error challenges the ruling of the court in rejecting the tax deed offered in evidence by defendant. That assignment is not in any way referred to in appellant’s brief. It may, therefore, be considered as abandoned, and it will be presumed that the court ruled properly in excluding the deed from evidence.
The judgment appearing in all respects to be right, the same will be affirmed.