## 4840.

### GLOVER v. THE PEOPLE.

APPEAL AND ERROR—*Abstract*—*Brief*—Errors not set forth in the abstract, nor urged in the brief, are deemed abandoned and will not be considered.

*Error to Teller District Court, Hon. Robert E. Lewis, Judge.*

Mr. JOHN M. GLOVER, plaintiff in error, Pro se.

Mr. WILLIAM H. DICKSON, Attorney General, Mr. GEORGE D. TALBOT, assistant Attorney General and Mr. LESLIE E. HUBBARD, Attorney General, for the People.

PER CURIAM: Plaintiff in error, defendant below, and so hereinafter designated, was found guilty of simple assault, under an information charging assault with intent to commit murder. He brings the cause here for review.

An inspection of the record discloses that defendant is in a novel position before this court. In the record he has assigned fourteen errors. Only six of these are noticed in his printed brief. Just prior to oral argument he filed a written release of all assignments except four. None of the four thus excepted are argued in his brief. In oral argument he confined himself to a consideration of these four assignments.

It is well settled that if an assignment of error does not appear in the abstract, or if it is not urged in the printed argument, it must be presumed to have been abandoned. This rule was recognized and enforced in *Lowell v. Hersey,* 46 Colo. 522, 105 Pac. 870, where the court refused to consider questions not discussed in the briefs. In *Falke v. Brule,* 17 Colo. App. 499, the court, at page 503, 68 Pac. 1054, said:

"Defendants assigned a number of errors, based upon the admission of incompetent, and the rejection of competent evidence. Counsel has not seen fit, however, to argue these assignments, not even presenting them in the briefs, and for this reason they will be treated as having been abandoned, and requiring no notice."

The rule was upheld, also, in the following cases:

*Townsend v. Fulton Co.,* 17 Colo. 142, 20 Pac. 453; *Perkins v. Peterson,* 2 Colo. App. 243, 29 Pac. 1135; *Zimmerman v. T. T. Co.,* 18 Colo. 480, 72 Pac. 607; *Colo. Fuel & Iron Co. v. Gardner,* 21 Colo. App. 273, 121 Pac. 680; *Bloomer v. Jones,* 22 Colo. App. 404, 125 Pac. 541; *Muntzing v. Harwood,* 25 Colo. App. 292, 137 Pac. 71.

From these authorities it is clear that defendant, having waived all the assignments of error argued in his brief, should not be permitted in oral argument to introduce others not theretofore urged or relied upon. Literally, defendant, who is an attorney and conducted his own case, has put himself out of court, since the assignments of error relied upon in oral argument are now presented and urged for the first time. There are no citations of authority in support of the various contentions made under the assignments which have been argued orally only. Neither do

these assignments appear in the abstract. In these circumstances there is nothing in the record which may be properly considered by the court, and an affirmance of the judgment necessarily follows.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Scott not participating.