## No. 10,623.

NORTHERN COLORADO IRRIGATION CO. *v.* CITY AND COUNTY OF DENVER.

Decided May 20, 1929.

Mr. C. H. PIERCE, for plaintiff in error.

Mr. HENRY E. MAY, Mr. THOS. H. GIBSON, Mr. MILNOR E. GLEAVES, Messrs. LINDSEY & LARWILL, Mr. E. C. BURCK, Mr. CASS E. HERRINGTON, Messrs. DINES, DINES & HOLME, for defendant in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, Messrs. WRIGHT & IRELAND, Mr. JOHN M. BOYLE, Messrs. PONSFORD, PENDER & LARWILL, amici curiae.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

ON March 24, 1923, this cause was docketed on writ of error. It is for the purpose of reviewing a statutory adjudication of priorities of rights to the use of water for beneficial purposes in water district number eight. Abstract of record and assignments were filed, but the cause was delayed, not through inattention of the court, but by mutual stipulations of the parties. On May 23, 1924, before any briefs were filed, plaintiff in error moved to dismiss, which was granted. By the parties' voluntary action, it was out of our hands until July 28, 1927, when a petition was filed by Frank J. Reinhard and others interested with him in certain phases of the Northern Company's water contracts. Their petition was to reinstate the cause on the docket of this court. Hearing on this petition was again delayed by numerous stipulations and mutual requests; briefs of parties and amici curiae were filed, and finally, on May 21, 1928, Reinhard, et al., by their counsel, applied for an oral argument, which was granted. On June 8, 1928, the motion to reinstate was argued and granted. Petitioners were allowed to prosecute the writ in the name of the Northern Company. The cause has preserved its status as a review of a water adjudication; the water contracts were involved only incidentally, as a basis for reopening the cause in this court, which was their sole purpose here, and having served that object, they are no longer involved in this matter.

The cause now stands as originally docketed. Notwithstanding the fact that other counsel, not representatives of the litigants here, have been allowed to file briefs, the case in this court is primarily between the Northern Colorado Irrigation Company and the City and County of Denver. The present representatives of the Northern Company take the case with all rights and benefits, and all attendant burdens, that befell when the cause was docketed in the year 1923. At that time, counsel for the Northern Company, plaintiff in error, filed a petition for alignment of parties under our rule 25 which reads as follows: "Any party suing out a writ of error to review

the whole or any part of a decree entered in any statutory proceedings adjudicating water priorities or the change of points of diversion thereof, shall file in this court a petition, as plaintiff in error, showing the priority and ditch rights claimed by such party, and making the assignments of error a part of the petition by reference only, and naming the ditches, reservoirs, pipe lines and other works, and the owners thereof who may be adversely affected by such proceedings in this court as defendants in error, and such alignment of parties in this court shall be according to such petition, and writ of error issued accordingly.''

The company and the city were aligned as parties under the above rule.

After the cause was reinstated, more extensions of time for the filings of briefs were frequently requested, sometimes by one side, and sometimes by the other, on grounds of engagements of counsel in other matters, absence from city, etc. They were granted. On December 21, 1928, the city filed an application for permission to take further testimony, particularly as to Lake Archer canal, on a claim filed but not adjudicated. The failure to adjudicate such rights or claim was one of the grounds of error assigned in the year 1923 by the Northern Company. The city also moved, in the same application, that the hearing on this writ of error be continued until the district court has acted on the Lake Archer canal claim. The city relied on *Holbrook Irrigation Dist. v. Ft. Lyon Canal Co.*, 84 Colo. 174, 269 Pac. 574. More requests and stipulations for time by counsel for both parties to file briefs were allowed, and final brief was filed on February 25, 1929. About a week thereafter, on March 4, 1929, in the exercise of our discretionary powers, we denied the motion, because of so many delays. But shortly thereafter we notified all counsel concerned that we reserved the motion of the city for further consideration, and recently called counsel into informal conference with the justices on procedural questions. To have granted the

motion of the city as made, would have left part of the case here and part in the district court, with embarrassment to the district court as to undetermined questions. It has been shown to us by a written request on file, made to us some time ago by the Honorable Arthur Cornforth, one of the judges of the district court where the adjudication took place, that water claimants have been seriously inconvenienced by the long delays.

The claimants in water district number eight are numerous; the record is voluminous; there are four volumes of transcript, and a complete determination on the merits at this time is impossible. Such things as various petitions or complaints, answers, replications and demurrers, wholly out of order as original filings in an appellate court, have characterized this matter here. The passing of time has brought about changes in attorneys employed on each side. We have been importuned to pass on isolated questions, but we are disinclined to piecemeal methods of review, nor does the law contemplate that we shall act as a nisi prius court. The unusual situation here presented has not been by our invitation.

■ Among the company's assignments of errors, grounds are alleged that the general water adjudication is not final, in that it has failed to determine all claims presented. The city has confessed error in this regard. We shall reverse the case on this point only, but not on the merits. We have not examined into the merits of any claim or claims and will not do so now. It is neither right nor possible to do it here and now. Our action is, therefore, wholly without prejudice to the rights, claims or defenses of any party, and is not res judicata as to any question of law or fact.

■ The case came here before it was finished, and it seems wise that the entire cause should now go back to the district court for completion. The joinder in error of the parties justifies such action.

All claims filed or to be filed according to statute and the practice in such cases made and provided must be

fully and finally determined. It is apparent also that additional evidence must be taken, and former evidence may be considered. It is not our purpose to restrict the freedom of the district court, nor give it directions in advance, other than those herein contained, as to manner of procedure. The court will liberally exercise its judicial discretion within the statute, to the end that there may be a full, final and complete determination of all claims presented or to be presented according to law, and to enter or re-enter such orders, judgment, decree or decrees as the facts may justify.

We do not wish to seem critical of eminent counsel, but this cause should proceed expeditiously. It is scarcely considerate that numberless requests and stipulations for time should be filed, and the court thereafter be asked to speed up, when the engagements of counsel admit of their attention to the matter in hand. We know that their services are in large demand, but if they lose their place on our calendar by their own acts, justice to other litigants does not permit that their causes be set aside when counsel find themselves again ready. We are glad to accommodate attorneys, but we must not be asked to assume responsibility for delays beyond our control. Numerous abuses in requests for delays have led us to a practice now followed, that reasons for extensions of time be given, even when accompanied by stipulation.

Judgment reversed.