No. 12,987.

GRAND RIVER VALLEY RAILWAY COMPANY *v.* MURPHY.

(27 P. [2d] 754)

Decided November 20, 1933.   Rehearing denied December 18, 1933.

Messrs. McMULLIN, STERNBERG & HELMAN, Messrs. LEE, SHAW & McCREERY, for plaintiff in error.

Messrs. BURGESS & ADAMS, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendant in error as Mrs. Murphy, and her husband as Murphy.

About 2:00 p. m. October 15, 1930, Murphy, accompanied by his wife, was driving along highway No. 40 where it crosses the track of the company's interurban

electric railway about three and one-half miles northwest of Grand Junction. There a collision occurred in which Mrs. Murphy was injured. Charging her injuries to the negligence of the company she brought this action to recover $15,000 for "physical and mental pain and anguish" and $177.35 expenses, plus $800 damages to Murphy's automobile, which claim her husband had assigned to her. On the verdict of a jury in her favor for $9,000 for her damages, plus $200 damages to the car, judgment was entered. To review that judgment the company prosecutes this writ.

The 40 assignments of error are argued under 13 propositions. Some of these are clearly without merit, others involve questions which need not be discussed because presumably they will not arise on another trial. One, however, is that the damages were excessive, and another that the motion for a new trial on the grounds of newly discovered evidence should have been granted.

The award in this case is not merely a large sum, it is one which in no view of the evidence could be considered inadequate. Proof of the permanent character of Mrs. Murphy's injuries rested largely upon her own statements. In support of the motion for a new trial nine affidavits were filed, in opposition, twenty counter affidavits, and rebutting these, four others. One of the first was by Richard L. Wilson to the effect that he was about 150 feet from the collision and saw the Murphy car approaching the crossing at not less than 50 miles per hour, whereas Murphy had fixed its speed at about 25. Other uncontradicted affidavits established beyond question a grossly improper attempt on the part of a representative of Mrs. Murphy to cajole and threaten Wilson into withdrawing his affidavit. The foregoing facts are mentioned here only for their bearing on what now follows. Rump, the company's manager, made an affidavit that all during the trial Mrs. Murphy, in the presence of the jury, appeared to be in constant pain, seemed unable to use her right limb, and appeared to require

the assistance of two people in entering and leaving the court room and moving about. Other persons made affidavit that before and after the trial Mrs. Murphy gave no evidence of the affliction which Bump swore she appeared to have during the trial. Many collateral and immaterial facts concerning these matters are alleged and disputed, but the charge that Mrs. Murphy presented, in the presence of the jury, an appearance of pain and affliction wholly absent from her conduct immediately preceding and following the trial, stands uncontradicted. No testimony of witnesses can have so profound an effect upon a jury and its verdict as the appearance before it of the victim of alleged negligence apparently permanently maimed and suffering constant pain by reason thereof. When we add to these the desperate attempt to get rid of what appeared to be the damaging allegation by Richard L. Wilson, which we may properly predicate upon the theory that a verdict had been obtained far in excess of any that could be hoped for on a new trial, we are confronted with what appears to us undoubted reversible error. We reach this conclusion with full consideration for the wide discretion ordinarily allowed trial courts in granting new trials on the ground of newly discovered evidence. *Denver City T. Co. v. Brier,* 60 Colo. 235, 152 Pac. 901; *C. S. & I. Ry. Co. v. Fogelsong,* 42 Colo. 341, 94 Pac. 356; *Lowell v. Hessey,* 46 Colo. 517, 105 Pac. 870.

For the foregoing reason the judgment is reversed and the cause remanded for a new trial.

Mr. Justice Hilliard dissents.