**RAPER et ux. v. EVANS.**

No. 26286.   Nov. 12, 1935.

Neil E. McNeill, for plaintiffs in error.

Moss & Young, for defendant in error.

PER CURIAM. Lottie Evans filed suit against John F. Raper and Lily A. Raper, his wife, in the district court of Tulsa county for judgment on certain notes in the sum of $7,000 and for foreclosure of a mortgage given as security. The Rapers filed a motion to quash, and on the 24th day of July, 1933, the motion was overruled and the Rapers were given 9 months to answer. Nothing further was filed in the case until August 8, 1934, at which time a "tender" was filed to which was attached as an exhibit a "stipulation." The stipulation was signed by all the parties to the cause and their then attorneys. It recited that there was a dispute as to the amount due, and that the parties had agreed upon a full and complete settlement, under the terms of which the Rapers were to pay plaintiff the sum of $3,500; $1,000 was paid at the time of the execution of the "stipulation," an additional $1,000 was payable August 8, 1934, an additional $1,000 was payable August 8, 1935, and the balance August 8, 1936. The stipulation further provided that the Rapers were to pay certain taxes by a certain date, and that upon the failure of the defendant to make the payments when due, "the plaintiff may * * * make and declare the balance due and have judgment thereon and the mortgage foreclosed for said balance." The tender recited that the Rapers had attempted to pay the $1,000 due August 8, 1934, to Lottie Evans and to her attorney, but that it had been refused. On the same day the court entered an order saying that the tender was in accordance with the terms of the stipulation, and directed that the check tendered be delivered to the court clerk for the use and benefit of the plaintiff. On October 8, 1934, Lottie Evans filed a "motion to vacate and set aside stipulation." This

"motion" recited the execution of the original note sued upon, referred to the original mortgage, prayed for the vacation of the stipulation on the grounds that: (1) There was not an actual dispute as to the amount due; (2) that it was procured by the fraudulent representation that the Rapers were without means to pay the original notes; and (3) on the grounds that the stipulation had not been complied with. She likewise prayed that she "be allowed to continue the foreclosure of her said mortgage and notes, and for all other relief." To this "motion" the Rapers filed a demurrer. On presentation of the demurrer the trial court overruled the demurrer, refused to grant the Rapers time to "answer" the "motion," and ordered the stipulation vacated, set aside, and held for naught. The court did not in this order enter judgment on the notes or foreclose the mortgage.

From this order the Rapers appeal, contending that the demurrer to the "motion" was well taken, that it was an appealable order for the reason that the court denied them time within which to answer. The Rapers likewise contended that the trial court erred in vacating the stipulation without a hearing on the merits. Lottie Evans contends that the ruling on the demurrer is not an appealable order for the reason that the Rapers failed to stand on the demurrer, but Lottie Evans specifically concedes in her brief that the order of the court vacating the stipulation was erroneous, and that the case should be reversed and remanded on that ground.

The rule is well settled in this state that this court may reverse and remand a case upon a stipulation and confession of error being filed in this court. Rankins v. Rankins, 132 Okla. 298, 270 P. 561; Nelson v. Jones, 133 Okla. 92, 271 P. 240. This rule should apply equally to a situation where the confession of error is contained in the defendant in error's brief.

The pleadings are not properly drawn, nor were the proper steps taken to secure an adjudication of the issues in the case.

The order of the trial court vacating the stipulation is reversed and the cause is remanded, with instructions to the trial court to grant leave to the plaintiff, Lottie Evans, to file an amended and supplemental petition, setting up her original cause of action and her plea in avoidance of the stipulation, and with further instructions to grant

leave to the Rapers, defendants below, to plead thereto. *It is so ordered.*

The Supreme Court acknowledges the aid of Attorneys Fisher Ames, A. M. Beets, and Claude Nowlin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Ames and approved by Mr. Beets and Mr. Nowlin, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., not participating. BAYLESS, WELCH, and CORN, JJ., absent.