## No. 15,301.

NATIONAL INSURANCE COMPANY ET AL. *v.* ACME FINANCE
COMPANY, DOING BUSINESS AS MOTORS FINANCE COMPANY.

(160 P. [2d] 356)

Decided June 11, 1945.

Mr. JAMES A. MARSH, Mr. FRANK P. LYNCH, JR., Mr.
HYMAN D. LANDY, for plaintiffs in error.

Mr. NORMAN E. COBB, Mr. JOHN T. MALEY, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

DEFENDANT in error, hereinafter designated as the finance company, held a chattel mortgage on an automobile belonging to one Victor Calentino. This car was almost demolished in a collision. The finance company under a policy of insurance on the car issued by plaintiffs in error, hereinafter called the insurer, recovered judgment of $599.76 against the latter. Seeking a reversal thereof, the insurer specifies four points. The finance company, in what it designates as its "answer to the insurer's assignments of error," confesses the partial validity of two of them, as follows:

"3. Admits that the court erred in holding that defendant in error might recover as mortgagee independently of the rights of the assured to recover.

"4. Admits that the findings of the judge and the judgment entered thereon were contrary to the law," and "prays this honorable court that the finding and judgment of the trial court be set aside and reversed and that this cause be remanded for such further proceedings in the trial court as this court may direct."

Following the granting of supersedeas, the finance company filed no printed brief resisting any of the contentions of the insurer.

Thus, as the matter stands both sides agree that the trial court proceeded to a disposition on a wrong legal theory and that a reversal of the judgment is in order. In the course pursued by the trial court the subjects of the other specifications of points, all of which involve evidential matters, were but inferentially touched upon in the decision made below, so any attempt at their resolution by us, in effect, would involve a de novo consideration, rather than a review, of the evidence; therefore, following the procedure adopted in *Northern C. I. Co. v. Denver,* 86 Colo. 54, 278 Pac. 592, we reverse the judgment on the error confessed, but not on the merits. See, also, for general rule, 5 C.J.S., p. 1376, §1887; 4 C.J., p. 1162, note 91, and 3 Am. Jur., p. 691, §1184. As we stated in the opinion in the

case above cited, our action is "wholly without prejudice to the rights, claims or defenses of any party, and is not res judicata as to any question of law or fact." See, also, *Raper v. Evans,* 174 Okla. 542, 51 P. (2d) 291.

The failure of the finance company to file a printed brief as required by our rules, of course, precludes the consideration of its cross specifications of points. *Mulford v. Rowland,* 45 Colo. 172, 100 Pac. 603. As to waiver of errors assigned but not discussed in the parties' brief, see, *Lowell v. Hessey,* 46 Colo. 517, 522, 105 Pac. 870, and *Western Union T. Co. v. Olsson,* 40 Colo. 264, 265, 90 Pac. 841.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE JACKSON concur.