## KINNEY *v.* WILLIAMS.

INSTRUCTIONS *must be confined to the law of the case.*   The existence of facts proper for the consideration of the jury must not be assumed in the instructions of the court.

DAMAGES — EXEMPLARY — *to be determined by the jury.*   Whether exemplary damages shall be awarded in an action of trespass is a question for the jury.

PRACTICE — *costs denied.*   Where a motion for new trial has not been presented in the time and manner directed by the court the party in fault will not be allowed costs.

*Appeal from District Court, Jefferson County.*

THIS was an action of trespass against appellant and others, to recover damages for an assault upon appellee, and for making a loud noise and disturbance in and about appellee's dwelling-house, at various times.   There was evidence tending to prove that appellee was severely beaten upon one occasion by appellant, and others of the defendants below.   The jury returned a verdict in appellee's favor for $2,500 damages.

The following is the instruction referred to in the opinion of the court:

"The court instructs the jury that they are at liberty to consider the malice of the defendants, the insulting character of their conduct, the rank in life of the several parties, and all the circumstances of the assault, if any was committed, and to award such exemplary damages as the circumstances of the case may, in their judgment, require, and are not restricted to the mere corporal injury of the party."

The cause was tried at the March term of court, and motion for new trial then made.   The court directed that

written arguments should be filed on this motion by July first, following, which was not done. At the September term the motion was formerly overruled, and judgment rendered on the verdict.

Messrs. ROYLE & BUTLER, for appellant.

Mr. G. W. PERKINS, for appellee.

HALLETT, C. J. The first instruction given to the jury at appellee's request upon the trial below assumes the existence of facts which should have been left to the jury, and is in conflict with the twenty-eighth section of the practice act. Whether this was a case for exemplary damages was a question for the jury and not for the court. The jury may have understood this instruction as determining this question for them.

For this error the judgment must be reversed and the cause remanded for a new trial.

If the motion for new trial had been presented in the court below, as directed by that court, there is little doubt that the relief now granted here would have been given in that court, and the expense and delay of this appeal would have been avoided. Because of this neglect, the appellant will not be allowed his costs in this court or in the court below.

The court below is instructed to tax the costs, which have been made by appellant in that court, to him.

*Reversed.*