BENNETT v. RILEY.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Where a motion for a new trial for newly discovered evidence, heard before a judge other than the one who presided at the trial, involved a question of conspiracy and flat perjury by the only alleged witnesses to the accident, or of conspiracy and perjury by their accusers, who constituted some of the affiants on the motion, and it was not easily determinable from the affidavits which party was in the wrong, a new trial should have been granted.

Appeal from Special Term, Kings County.

Action by George Bennett, as administrator of the estate of Florence T. S. Bennett, deceased, against James Riley. From an order denying a motion for a new trial for newly discovered evidence, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Charles F. Brandt, for appellant.
Bruce R. Duncan, for respondent.

JENKS, J. As the learned justice who decided the motion at Special Term did not preside at the trial, he did not have any advantage over us in hearing and seeing the witnesses who are attacked. This motion is out of the ordinary, in that it involves a question of conspiracy and flat perjury by the only alleged witnesses of the accident, or of conspiracy and perjury by their accusers, some of the affiants on the motion. There is no escape from one conclusion or the other.

It is not easy to bring home the conspiracy or the perjury by the perusal of affidavits. The court should not be required to do this if there is another tribunal which can decide those questions after seeing and hearing the accused and their accusers face to face under the scrutiny of oral examination. It is no evasion of responsibility, but the desire to further justice, that impels us to send virtually these questions to a jury. For a new trial of the case involves the appearance of one, if not of both, of the accused witnesses, and then, of course, their accusers must appear, or suffer the inference that will follow their absence.

Out of such trial should come the truth. At least, there is no human tribunal so well adapted to elicit it. If our decision determined a right, we might hesitate more than we do when we consider that it means nothing more than placing matters at issue as they stood before the trial. It is proper to add that we find nothing in the affidavits which reflects in the slightest degree upon the learned counsel who tried the case for the plaintiff.

The order should be reversed, and a new trial granted.

Order denying motion for a new trial on the ground of newly discovered evidence reversed, costs to abide the event, and motion for new trial granted, with $10 costs. All concur.