Missouri, Kansas & Texas Railway Company et al. v.
H. M. Clark.

Decided March 12, 1904.

**1.—New Trial—Admission by Prevailing Party.**

Plaintiff sued three railroad companies for injuries to cattle occurring on a through shipment, alleging delays and negligence on each line, and recovered judgment in separate amounts against each defendant. After the case had gone to the jury he stated to witnesses for two of the roads that he did not know why they were brought to court, as he had no complaint to make against those two roads on account of delays or treatment of the cattle while in their possession, as the injury occurred on the third road. Held to require the granting of a new trial on the ground of newly discovered evidence.

**2.—Contract—Signature.**

It is not essential to the validity of a contract that the signature of the parties should be at the foot of the instruments where such contracts are usually signed.

**3.—Carriers of Freight—Duty to Feed, Water and Rest Cattle En Route.**

Railroad companies are not under the absolute duty of unloading a shipper's stock en route for rest, feed and water upon his request, without regard to the reasonableness or necessity of the request.

Appeal from the County Court of Midland. Tried below before Hon. L. M. Murphy.

*Bryan & Whitaker,* for appellants.

*Camp & Caldwell,* for appellee.

SPEER, Associate Justice.—The shipment of cattle, for damages to which this suit was brought, originated at Monroe City, Mo., and was destined to Midland, Texas, via the Missouri, Kansas & Texas Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Texas & Pacific Railway Company. The trial resulted in a judgment against the Missouri, Kansas & Texas Railway Company for $125, and against the Missouri, Kansas & Texas Railway Company of Texas for $62.50, and against the Texas & Pacific Railway Company for $62.50. The Texas & Pacific company has not appealed.

Appellants' first assignment of error is overruled, because the complaint therein stated is not sustained by the charge referred to. The court gave no such charge as that indicated in the assignment of error. The court did err, however, in refusing to grant to appellants a new trial on account of the newly discovered evidence of the witnesses Henshaw, Matthews, Hall and McClurg. It appears from appellants' motion, which is duly supported by the affidavits of the persons mentioned, that after the evidence had been heard in the trial of the case and the arguments of counsel had for the most part been made, appellee, Clark, stated to the witnesses that his cattle arrived in Fort Worth, Texas, in good condition; that they received a good run over the lines of these

appellants until they arrived at Fort Worth, and that he did not know why the railway companies had caused these parties to report to Midland, Texas, as witnesses in the case, as he had no complaint to make against appellants on account of delays or on account of the treatment by them of his stock while same were in their possession until they had delivered said cattle at Fort Worth, Texas. We think these statements not only would be competent evidence, but that they are material admissions against interest, and since the same were not known to appellants until after the case was submitted to the jury, the court should have sustained the motion based upon such newly discovered evidence, and should have granted to appellants a new trial. It is insisted by appellee that, since he did not accompany the shipment of cattle, and could not therefore have known of the exact treatment of his cattle while in charge of the appellant lines, his admissions should not cause the reversal of the judgment, because necessarily his statements were in respect to a matter of which he knew nothing, and about which he did not testify upon the trial. This, we think, should not alter the rule which allows the introduction in evidence of the admissions made by a party against his interest. Furthermore, the evidence disclosed that he at least inspected the cattle at one point while en route. It is undisputed that he had an opportunity to observe the condition of the cattle at Fort Worth. A reference to his petition, upon which the cause was tried, discloses that he distinctly alleged the delays and other negligence as against the appellants before the cattle reached Fort Worth. No replication of any kind was filed to appellants' sworn motion, and it is thus tacitly admitted that appellee made such statements. A new trial should have been granted. Houston & T. C. Ry. Co. v. Forsyth, 49 Texas, 171; Welsh v. Nasboe, 8 Texas, 189.

In view of another trial we will suggest that the contract offered in evidence by appellants was probably admissible and should not have been excluded as it was distinctly pleaded and no denial was interposed by appellee of its authenticity, and the objection urged by him, and sustained by the court, could not properly be interposed under these circumstances. It is not essential to the validity of the contract that the signature of the parties should be at the foot of the instrument where such contracts are usually signed.

It was also error for the court to instruct the jury that it was the duty of the defendants, and each of them, to unload plaintiff's stock for feed, water and rest when requested so to do by the plaintiff or his agent in charge of said stock. Railroad companies are not under the absolute duty of unloading a shipper's stock for rest, feed and water upon his request. Their duties in this respect are well defined by the decisions. They should afford proper facilities and reasonable opportunities for rest, feed and water, but are not required to supply these upon a mere request of the shipper without regard to the reasonableness

or necessity of the demand.   Sayles' Civ. Stats., art. 326; U. S. Comp. Stats., sec. 4386; Fort Worth & D. C. Ry. Co. v. Daggett, 87 Texas, 329, 28 S. W. Rep., 525; International & G. N. Ry. Co. v. McRea, 82 Texas, 615, 18 S. W. Rep., 672; International & G. N. Ry. Co. v. Lewis, 23 S. W. Rep., 323; Texas & P. Ry. Co. v. Byers, 73 S. W. Rep., 427; Texas & P. Ry. Co. v. Stribling, 34 S. W. Rep., 1002.

*Reversed and remanded.*