S. H. KYNER, APPELLEE, v. FREDERICK WHITTEMORE, APPELLANT.

FILED NOVEMBER 14, 1911. No. 17,083.

1. **Pleading: ANSWER: WAIVER OF DEMURRER.** By answering to the merits, a defendant waives his right to demur to the plaintiff's petition, and that part of his answer which in form amounts to a general demurrer will be treated as surplusage.

2. **Taxation: FORECLOSURE OF LIEN: ANSWER: DEMURRER.** Where a defendant seeks to defeat the foreclosure of a tax lien on the

ground that the real estate in question consisted of two separate and distinct tracts which were the property of different owners, and were assessed and taxed as one tract, if his answer fails to clearly set forth facts sufficient to warrant such a conclusion, and contains no definite description of each separate tract, it is vulnerable to a general demurrer.

3. ———: ———: ———. An allegation in an answer that defendant has at all times been ready and willing to pay his proportion of the tax, but has been unable to agree with another alleged owner as to the amount he should be required to pay, does not constitute a defense to an action to foreclose a tax lien.

APPEAL from the district court for Brown county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William M. Ely,* for appellant.

*J. S. Davisson, contra.*

BARNES, J.

Action in the district court for Brown county to foreclose a tax lien upon the northwest quarter of the northwest quarter of section 31, township 30 north, range 20 west of the sixth P. M. The petition was in the usual form, and alleged, in substance, that the land in question (describing it) was duly assessed for taxation for the year 1887; that taxes were duly levied thereon for that year; that the taxes were not paid; that the land was advertised according to law, and was finally sold at private sale to one W. A. Bucklin on the 12th day of August, 1902, for the taxes above mentioned, interest, penalties and costs, amounting to $78.20, and a certificate of sale was duly issued to the purchaser therefor; that the certificate was assigned to the plaintiff on the 12th day of January, 1905, and that he is the holder and owner thereof; that the land has never been redeemed from said tax sale, and no part of said tax has been paid; that a treasurer's deed cannot be lawfully issued at this time upon said certificate; that the plaintiff has paid subsequent taxes upon said land for the years 1901, 1902 and

1903, in the sum of $10.46; that the defendants Lizzie M. Kyner and Frederick Whittemore have, or claim to have, some interest in the said premises, but whatever right or claim they may have therein is junior and inferior to the claim of the plaintiff; that there is now due and unpaid on the tax certificate and subsequent taxes paid the sum of $184.49. The petition concluded with a prayer for a foreclosure of the tax lien, for an attorney's fee as provided by law, and other and further just and equitable relief.

To this petition the defendant Frederick Whittemore filed an answer, alleging, in substance: First, that the facts stated in the petition were not sufficient to constitute a cause of action; second, that on the 1st day of April, 1887, the land in question consisted of two separate and distinct tracts, and that they both were assessed together as one tract; but the answer failed to give any particular or definite description of each of the alleged separate tracts by metes and bounds, or otherwise, sufficient to enable the court to distinguish or describe them.

It was further alleged that on the 1st day of April, 1887, one of said tracts was owned by one W. L. Whittemore, and the other was owned jointly by C. R. Glover and W. L. Whittemore, and that on one of said tracts, consisting of about five acres, was located a flour and grist-mill, known as the Glover mill; that on the 30th day of July, 1887, C. R. Glover and W. L. Whittemore conveyed all of the land in question as one entire tract to the Northwest Christian Assembly and Chautauqua; that on the 12th day of August, 1887, the Northwest Christian Assembly and Chautauqua conveyed back to said Glover and Whittemore that part of said premises upon which Glover's mill was located, consisting of about 2.90 acres; that ever since said last mentioned date said 44 acres of land has comprised two separate and distinct tracts, the one consisting of 2.90 acres, and known as the Glover millsite, and the other consisting of

about 41 acres, known as the Chautauqua grounds; that the answering defendant is now the owner in fee simple of that portion of the northwest quarter of the northwest quarter of section 31, township 30, last above mentioned.

It was also alleged that, through some error or mistake on the part of the officers whose duty it was to list and assess the land for taxation, the two parcels of land were assessed and listed together as one tract in the year 1887, and were described as the northwest quarter of the northwest quarter of section 31, township 30, range 20, containing 44 acres; that the tax which the millsite should bear would amount to $27.64, and the Chautauqua ground share thereof would amount to $4.61. It was also stated in the answer that, at all times since learning that the said 1887 tax on said land was unpaid, the answering defendant has stood ready and willing to pay his just proportion of the same, with legal interest and penalties thereon, and that he is still ready and willing to pay the same, but that he has been prevented from paying the taxes by reason of his inability to reach any agreement with the owners of the remainder of said land as to the proportion of the tax which each should pay.

The answer concluded with a prayer that the court ascertain the proportion of the taxes justly chargeable to the defendant's 41 acres, known as the Chautauqua grounds, and that, if the court should find that the plaintiff's tax sale certificate is a lien upon the answering defendant's portion of the said real estate, the court ascertain and determine the amount thereof, together with the amount of costs chargeable against said tract.

To this answer the plaintiff filed a general demurrer, which was sustained. The answering defendant refused to further plead, and the court, after entering a default against the non-answering defendants, rendered a decree of foreclosure in accordance with the prayer of the petition, and the defendant has appealed.

It is contended that the answer contained two defenses, and that both of them were not vulnerable to a

general demurrer, therefore the demurrer should have been overruled. In this we think the appellant is mistaken. While the answer to the petition contains language usually employed in a general demurrer, still the defendant answered to the merits, and thereby waived his demurrer. It is well settled that a general demurrer and an answer to the merits are so inconsistent that they cannot be both considered as constituting a single pleading in the form of an answer.

It is argued that the appellant has shown by his answer that the land described in the petition was in fact two tracts owned by different parties, but was listed, assessed and taxed as one; and he asks the court to ascertain and determine the amount of taxes, interest and costs chargeable to each particular tract decreed, and therefore his answer stated a defense to the plaintiff's petition, and it was error for the district court to hold that it was vulnerable to a demurrer.

An examination of the answer satisfies us that it is insufficient in both form and substance to bring this case within the rule announced in *Spiech v. Tierney*, 56 Neb. 514, or enable the court to ascertain the amount of the lien justly chargeable to each of the alleged separate portions of the 40-acre tract of land upon which the tax was levied. In contains no definite description of either of the alleged separate tracts. It is not shown that the conveyances mentioned in the answer were recorded, or that the taxing authorities had any means of ascertaining that the land was divided into two separate tracts, or that it was owned by more than one person; and the answer fails to disclose any reason why the taxing officers should not assess the entire tract in the usual manner as the smallest governmental subdivision, and levy taxes thereon accordingly. It is conceded by the answer that the tax has not been paid, and the only reason assigned for the non-payment is the alleged inability of the answering defendant to agree with the alleged owner of the other part of the 40 acres as to the

amount of the tax that each should pay. We think it will not be seriously contended that such an allegation is sufficient to constitute a defense to an action to foreclose the tax lien.

As we view the pleadings in this case, the demurrer to the answer was properly sustained, and the decree of the district court is

AFFIRMED.