[No. 8176.]

## DENVER CITY TRAMWAY COMPANY, v. BRIER.

NEW TRIAL—*Newly Discovered Evidence.*  The discovery, since the trial, of evidence tending to show a conspiracy between the successful plaintiff, and a witness examined on his behalf, and perjury committed by the witness, pursuant thereto, *held* to entitle defendant to a new trial, even though such evidence was both cumulative and impeaching. (239.)

*Error to Denver District Court.*  Hon. JOHN A. PERRY, Judge.

Mr. GERALD HUGHES, Mr. HOWARD S. ROBERTSON and Mr. FREDERICK P. SMITH, for plaintiff in error.

Mr. WILLIS STIDGER, Mr. J. W. LAWRENCE, Mr. S. D. CRUMP and Mr. H. C. ALLEN, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

The defendant in error (hereinafter called the plaintiff), secured a judgment against the plaintiff in error, a street railway company operating in Denver, (hereinafter called the defendant), for $1857.50, damages for injuries alleged to have been sustained by him upon account, as he claims, without just cause, excuse or provocation, of his being unlawfully struck, beaten, and forcibly and violent ejected from one of the defendant's cars, while lawfully thereon, by one of the defendant's employes, namely, the conductor in charge of the car.

In its motion for a new trial, the company set forth newly discovered evidence. This consists of the affidavits of two persons to the effect that one Jacob Schwartz, who had testified that he was on the car at the time of the alleged altercation, etc., and who gave a detailed version thereof, had, in substance, stated to them that he was not on the car at the time, but that he had been offered and expected to receive remuneration for testifying; that the case was a frame-up in the nature of a conspiracy, etc., to mulct the company in damages. One of these affiants states, that he has known Schwartz for three years; that when talking to him about working for him, after Schwartz had made him a good offer, much better than he was then getting, for cleaning windows (which business Schwartz was engaged in), that Schwartz replied he would tell him a secret, viz: that he was going to be a witness in a case against the car company, and that he, Schwartz, was going to have some money from the man who had a case against the car company; that as soon as this man won that case against the company, he, Schwartz, would have $300 sure; that he further stated that he, Schwartz, was not on the car in question, but that that would make no

difference, he would get the money anyway. The affiant further stated that he did not know the man who had the case against the car company, but that Schwartz stated that this man was a shoemaker. The other affiant states, that he has known Schwartz for seven or eight years; that when he was riding on a Larimer Street car on his way home he met Schwartz, who was on the car when affiant got on at Fourteenth and Lawrence; that they sat together; that he asked Schwartz where he was going over that way, in view of the fact that affiant knew Schwartz did not live on Colfax; that Schwartz replied, in substance, that he was going over to see a party to get some money for being a witness; that a little later, during the conversation, Schwartz stated, in substance, that a fellow didn't need to clean windows, when he could make $150 a day. Affiant stated, that the impression given him was that Schwartz was going to get $150 for being a witness in some case; that Schwartz stated that he was going to get off at Irving street; that he did not tell him what case he was a witness in and affiant didn't ask him.

In considering these affidavits, it is proper to note that the plaintiff testified he was a shoemaker, and that affidavits filed by him in resisting the motion for a new trial disclose that he was then living upon Irving street, next door to No. 1579. It was shown by the defendant that these alleged statements of Schwartz were discovered by it since the trial, and were such that they could not have been discovered or procured by it prior to or during the trial, by the exercise of reasonable diligence, etc. The defendant filed counter affidavits, including one from the witness Schwartz, which denied the making of these statements, etc. In denying the motion for a new trial the judge, among other things, said, that the plaintiff's testimony is fully corroborated by a Mr. Schwartz, and a Mr. Zimmerman, but that defendant's conductor testified positively, which was corroborated by a young lady passenger and her escort, that neither Schwartz

nor Zimmerman was on the car at all; that the plaintiff did not claim to have seen either Schwartz or Zimmerman, and that Zimmerman did not claim to recognize any of the defendant's witnesses; that both Schwartz and Zimmerman admit that they had never met each other until that day; that they were then unacquainted with the plaintiff, and did not meet him until long afterwards; that all of the witnesses, except Schwartz and Zimmerman, agree that the day was exceedingly cold; that there was snow on the ground, and that the conductor was busily engaged in cleaning the ice and snow off of the steps, etc.; that the court, for its own satisfaction, had obtained from the weather bureau a report (which he caused to be filed in the case), which disclosed that snow had fallen from early in the morning until 11 A. M., two and one-half inches, and that at the time of the alleged altercation, viz: 6 P. M., this snow was still on the ground; that the thermometer stood at one degree Fahrenheit and that there was a wind blowing at the rate of seven miles per hour; that, nevertheless, neither Schwartz nor Zimmerman seemed to have noticed this remarkable phenomenon of an arctic day so early in the year, viz: November 11, 1911. The judge further said, that he was quite dissatisfied with the verdict; that he would have found for the defendant, on the ground that the plaintiff had most egregiously failed to sustain the burden of proof, but it was a jury who were called upon to try the case, they were the judges of the facts; that there was abundant evidence on the part of the plaintiff to justify their findings, if the evidence was true; that the jury appeared to have believed it was true; hence, the court felt it would be invading the province of the jury if it were to set the verdict aside for the alleged reasons that it was contrary to the evidence. The judge stated further that he felt called upon to advise the district attorney, which he had done, etc., that perjury had been committed, requesting that official to submit the matter to a grand jury for investigation.

When the entire comments of the judge are considered, no other conclusion can be reached than that, in his opinion, the perjured testimony consisted in that given by the witness Schwartz, if not also that of the witness Zimmerman; but it is unnecessary to determine whether, upon account of the court's views disclosed by these declarations, a new trial should have been granted for this reason; for, as we view it, a new trial should have been allowed upon the showing made concerning newly discovered evidence, when considered in connection with the record as it then stood, including the judge's opinion concerning it. 'Tis true, as the trial court says, the showing made was both impeaching and cumulative, and possibly upon these grounds might be held insufficient, but it goes farther than that, and if true, is to the effect that a conspiracy existed between the witness and the plaintiff, and that upon account of such an arrangement, not only was the testimony of the witness false, and known to be so by the plaintiff, but he, the plaintiff, was to pay a consideration to the witness for it. The conspiracy and payment for perjured testimony touched a new matter, which had not been gone into, and, if true, the defendant had the right, if it could, to have these facts disclosed to the jury, including the testimony of witnesses that Schwartz had made statements to this effect, upon laying the proper foundation therefor. In this respect it was not that class of testimony that could have been anticipated by the defendant, so that it could have been prepared to meet it at the time. The record discloses that there were only six persons testifying who claimed to be upon the car at the time; for the plaintiff, the witness Schwartz, and Zimmerman and himself; for the defendant, Charles E. Clark, its conductor, a Miss Thompson and a Mr. E. W. Low. The latter three's testimony is to the effect that neither Schwartz nor Zimmerman was on the car at the time. It will thus be seen that the conflict in the testimony cannot be reconciled. In the

circumstances of this case and in view of the statements of the trial judge, it is quite likely that this newly discovered testimony might be a controlling factor, and is such as will probably change the result, or make the same result doubtful upon a new trial. For these reasons the motion should have been sustained. The following cases, in principle, sustain this conclusion: *C., S. & I. Ry. Co. v. Fogelsong,* 42 Colo. 341, 94 Pac. 356; *Wells, Fargo & Co. v. Gunn,* 33 Colo. 217, 79 Pac. 1029; *Daniels v. Stock,* 23 Colo. App. 529, 130 Pac. 1031; *Lowell v. Hessey,* 46 Colo. 517, 105 Pac. 870; *Beals v. Cone,* 27 Colo. 473, 62 Pac. 948, 83 Am. St. Rep. 92; *Shanahan v. Feltman,* 154 App. Div. 809, 139 N. Y. Supp. 409; *Nugent v. Metropolitan St. Ry. Co.,* 46 App. Div. 105, 61 N. Y. Supp. 476; *Louisville Bolt & Iron Co. v. Hart,* 122 Ky. 731, 92 S. W. 951; *Bennett v. Riley,* 82 App. Div. 639, 81 N. Y. Supp. 882; *Standard Investment Co. v. Hoyt,* 164 Mo. 124, 63 S. W. 1093; *M., K. & T. Ry. Co. v. Clark,* 35 Tex. Civ. App. 189, 79 S. W. 827; *Sullivan v. C., R. I. & P. Ry. Co.,* 119 Iowa, 464, 93 N. W. 367; *Murray v. Weber,* 92 Iowa 757, 60 N. W. 492.

Assignments are urged concerning the pleadings as well as the instructions; the former can be amended as the parties may be advised. The alleged errors, if errors, pertaining to the latter may be eliminated upon a second trial.

The judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER concur.