RICHARD S. KEAT, APPELLEE, v. CHICAGO & NORTHWESTERN
RAILWAY COMPANY, APPELLANT.

FILED SEPTEMBER 20, 1915. No. 18229.

Carriers: SHIPMENT OF LIVE STOCK: DUTY OF CARRIER. A common carrier is not bound to comply with every arbitrary request made by a shipper of live stock as to the place where such stock shall be unloaded and fed while in transit. It is only obliged to comply with such requests and instructions regarding the care of the shipment as may be reasonable. Whether a particular request or instruction of the shipper is reasonable or unreasonable is a question for the jury.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. Reversed.

A. A. McLaughlin, Edgar R. Hart and Wymer Dressler, for appellant.

Earl R. Ferguson and Harry W. Shackelford, contra.

BARNES, J.

This action was commenced in the justice court of Douglas county to recover damages alleged to have been sustained by plaintiff in the shipment of two car-loads of cat-

98Neb.41

tle from Bassett, Nebraska, to the stock-yards at South
Omaha, in said state. The plaintiff had judgment, and the
defendant appealed to the district court.

The plaintiff, by his petition, alleged, in substance, that
on the 15th day of July, 1911, he delivered two car-loads of
cattle in good condition to the defendant company at Bas-
sett, Nebraska, for shipment to South Omaha; that he in-
structed the defendant to unload and feed said cattle at
its stock-yards in Fremont, and reload and trans-ship them
to South Omaha on the evening of July 16, in order to have
them on the market at that point on the morning of July
17; that defendant negligently failed to comply with plain-
tiff's instructions, and carried the cattle through to South
Omaha without unloading and feeding at Fremont; that
the cattle arrived at South Omaha on the morning of the
16th of July at about 8:30 o'clock, and were unloaded and
put into the stock-yards at that point, where they were
fed, watered and rested; and that when they were put on
the market on the morning of the 17th of July they had
shrunken in weight and were not in good marketable con-
dition, and that he was thereby caused a loss and damage
of $159.65, for which sum he prayed judgment. Defend-
ant, by its answer, admitted the receipt of the cattle for
shipment, and that it carried them to South Omaha, and
denied all of the other allegations contained in the peti-
tion. The reply was a general denial.

It appears from the evidence that the distance from
Bassett to Fremont was 205 miles; that the usual time re-
quired to make that distance was from 14 to 15 hours; that
the distance from Fremont to South Omaha was 41 miles,
and the running time between those points was about three
hours. It appears that there was no delay in the shipment,
and the only question to be determined is whether the de-
fendant company was negligent in not unloading and feed-
ing the stock at Fremont. It was also shown that the
time consumed in the shipment was only about 21 hours,
and that when the cattle reached South Omaha, where they
were unloaded and fed, they rested from Sunday morning
at 8:30 o'clock until they were put on the market on the

following Monday morning. On the trial in the district court the plaintiff had the judgment, and the defendant has appealed.

At the conclusion of the evidence the district court instructed the jury as follows:

Instruction No. 3. "Before the plaintiff can recover in this action, it is incumbent upon him to prove to you by preponderance of the testimony that, at the time he delivered said cattle to the said defendant railroad company, he instructed the defendant, through its agent at Bassett, Nebraska, to cause the said cattle to be unloaded at Fremont, Nebraska, and there fed and watered and permitted to rest, and, after such feeding, watering, and resting, to transport the cattle to South Omaha for the market of Monday morning, July 17, 1911; and that, by reason of such failure, he suffered damages, and the amount of the same. Now, if he has proved these facts by a preponderance of the evidence, then you should find for the plaintiff, assessing such damages as under the testimony he is shown .to have sustained."

Instruction No. 4. "If you find from a preponderance of the testimony in this case that, at the time the plaintiff delivered the cattle to the defendant at Bassett, Nebraska, he instructed the said defendant, through its agent at Bassett, Nebraska, to unload, feed, and water said cattle, and allow them to rest at Fremont, Nebraska, and you further find that there were facilities for doing the same at Fremont, Nebraska, then it became the duty of the defendant to unload said cattle at Fremont, Nebraska, feed and water the same, provided they had such facilities, and allow the said cattle to rest, and after so doing to transport them to the market at South Omaha, Nebraska; and, if they failed so to do under such circumstances, then such failure so to do would be negligence on the part of the railroad company, and, if the plaintiff suffered damage by reason of such negligence, then the defendant would be liable for such damages as the plaintiff suffered by reason of such negligence."

The appellant contends that the foregoing instructions were erroneous and require a reversal of the judgment in this case. This contention seems to be well founded. Where cattle are shipped by railroad a distance requiring only 21 hours for the transportation, and no circumstances are present making it necessary for the care of the animals that they be unloaded short of destination for feed, water, and rest, it is not negligence, as a matter of law, to fail to comply with a request of the shipper made to the railway agent at point of shipment that the cattle be unloaded at an intermediate point for feed, water, and rest. A common carrier is not bound to comply with every arbitrary request made by a shipper, but is only obliged to comply with such requests and instructions, regarding the care of the shipment, as may be reasonable; and whether a particular request or instruction of the shipper is reasonable or unreasonable is, at most, a question for the jury. *Missouri, K. & T. R. Co. v. Clark,* 35 Tex. Civ. App. 189; *St. Louis S. W. R. Co. v. Mitchell,* 101 Ark. 289; *Regan v. Adams Express Co.,* 49 La. Ann. 1579; *Galveston, H. & S. A. R. Co. v. Jones,* 123 S. W. (Tex. Civ. App.) 737.

The court instructed the jury that it was negligence, as a matter of law, for the defendant company to disregard the plaintiff's request to unload, feed, and water his cattle at Fremont, Nebraska. That question should have been submitted to the jury, and should not have been declared negligence as a matter of law.

The defendant requested the court to instruct the jury as follows: "The defendant in this case is a common carrier of live stock, and it was its duty to comply with the desires of the plaintiff concerning the handling of his shipment, if such request was reasonable; but if you find from the evidence that the only reason the plaintiff had for desiring to have his cattle unloaded at Fremont was a mere notion or caprice on his part, and if you further find that such is not a usual and customary way of handling live stock shipments between Bassett and South Omaha, the defendant was not guilty of negligence, as a matter of law, by reason of its failure to comply with the shipper's re-

quest to unload the animals at Fremont" It was shown that when the cattle arrived at South Omaha on Sunday morning, July 16 at 8:30 A. M., they were fed, watered, and rested from noon of that day until the following morning, or nearly 24 hours before they were placed on the market.

Counsel for the appellee seems to rely on *Modesitt v. St. Joseph & G. I. R. Co.*, 90 Neb. 133, to sustain the judgment. The facts of that case are not the same as those in the case at bar.

As we view the evidence and record, the defendant did not have a fair trial, and the judgment of the district court is therefore reversed and the cause is remanded for further proceedings.

REVERSED.

HAMER, J., not sitting.