## No. 9542.

### BRUNO *v.* THE PEOPLE.

1. CRIMINAL LAW—*What May be Assigned for Error.* An order to which no exception was taken may not.

2. ERROR—*Verdict Upon Undisputed Evidence,* except as to knowledge and intent, and strong circumstantial evidence as to these, will not be disturbed.

3. *Evidence.* The name under which defendant did business was "Bruno & Co." Being tried on charge of the unlawful importation of intoxicating liquors, he offered in evidence a notice received from a railroad company, some days subsequent to his arrest, addressed, 'Bruno Bros. Co.,' at his place of business, as tending to show that the liquors were intended for another firm. There being no contention that the liquors found at his residence were consigned to any other firm than his, the paper was held properly rejected.

4. *Other Similar Acts,* are admissible upon the question of knowledge, intent, or the like.

5. *Harmless Error.* Receiving parol evidence of the contents of a writing, no more than what the accused admits on the stand is harmless.

6. *Credibility of the Accused as a Witness,* the court may instruct as to, though the accused alone is selected for the occasion.

*Error to Denver District Court, Hon. Greeley W. Whitford,*
*Judge.*

*Department 2.*

Messrs. RUSH & CLINE, for plaintiff in error.

Hon. VICTOR E. KEYES, attorney general; Mr. FOREST C.
NORTHCUTT, assistant, for The People.

Opinion by Denison, J.

DEFENDANT was convicted on one count of having intoxicating liquor in his possession, and on another count of importing intoxicating liquor into the State.

His defense was that he did not know that the liquor found in his home was there, that it was in his mother's possession, and not his, and that he did not know that the "Salad Oil" which he received at the railroad station was whiskey, and that not he but his brother ordered it.

He argues the following points:

1.    That the court permitted the District Attorney to endorse the name of witness Mangold after the jury was sworn.    He took no exception to this order.

2.    That there was no sufficient evidence to justify a verdict of guilty.

The evidence on each count was direct and undisputed, except as to knowledge and intent, and strong circumstantially as to that.    We cannot disturb the verdict.

3.    The defendant was arrested January 14th, 1919, the day on which he received the consignment of liquor with the importation of which he is charged.

About February 1st 1919, he received Exhibit 1, a postcard notice from the Union Pacific Railroad Company, addressed to "Bruno Bros. Co., 3360 Navajo, Denver, Colo.," his place of business, stating that certain freight awaited them at the Freight Station in Denver.    The defendant's firm was "Bruno & Company."

The court declined to permit him to introduce this evidence or to show that this notice and freight was really intended for "Bruno Bros.", another firm, doing business at

2500 Nineteenth Street, and that the defendant, notified the Railroad Company to that effect.

It is hard to see the relevancy of the notice or of the other evidence in regard to the consignment to which it refers, or of the evidence in regard to the other firm, because it is not claimed that the goods found at defendant's residence or those which he received from the railroad company were consigned to or received by any firm but his, *viz*: Bruno & Company.

It is urged, however, that he is entitled to show that the names of the firms of Bruno. Brothers and Bruno & Company, and other somewhat similar names frequently became confused, as tending to show that the consignment received by defendant January 14th might really have been intended not for Bruno and Company, but for another firm, and was received by defendant by mistake, he believing that his brother, then in California, for whom he claimed to be operating the store of Bruno and Company, had ordered it.

As the trial court intimated, if there had been any evidence or claim that the consignment received by defendant was intended for Bruno Brothers, or any other Bruno firm but defendant's the evidence might have some appearance of relevancy, but since there was no such claim, the argument of plaintiff in error is that the evidence ought to have been admitted as tending to prove something that he did not claim to be true. There was no error in rejecting this evidence.

4. The court admitted parol testimony of the contents of a bill of lading. This bill was shown to contain nothing material which defendant did not admit on the stand. If, therefore, it was erroneously received in evidence, the error was without prejudice.

5. There was no error in admitting evidence concerning other similar offenses. The evidence was that a number of empty boxes marked "Salad Oil," similar to those containing whisky which were received by defendant at the station, were found at his home and place of business. It may be questioned whether that shows or tends to show a similar act, because the empty boxes do not appear to have contained intoxicating liquor.

The rule is familiar and well established, that upon the question of knowledge, intent, plan or design, evidence of similar acts is competent and relevant.

Wig. Ev. § 363; *Warford v. People*, 43 Colo. 107, 112, 96 Pac. 556; *Jaynes v. People*, 44 Colo. 535, 542, 99 Pac. 325, 16 Ann. Cas. 787; *Clarke v. People*, 53 Colo. 214, 216, 125 Pac. 113; *Elliott v. People*, 56 Colo. 236, 240, 138 Pac. 39; *Hillen v. People*, 59 Colo. 280, 287, 149 Pac. 250. The point is an old one. *Rex v. Dossett*, 2 C. & K. 307.

Evidence of similar acts was particularly applicable in the present case where the defendant received from the railroad the whiskey marked "Salad Oil" and denied knowledge that it was whiskey.

If it be conceded that, since the empty boxes were not shown to have contained whiskey, the evidence does not tend to show knowledge or design, it then is not prejudicial.

6. The court instructed the jury as to the credibility of defendant as a witness. It is not claimed that the substance of the instruction was wrong, but that the court ought not to have selected the defendant alone for that purpose. We do not think this was error. *Foster v. People*, 56 Colo. 452, 460, 139 Pac. 10.

The judgment should be affirmed.

Judgment affirmed.

Garrigues, C. J., and Scott, J., concur.