## No. 11,747.

TRINIDAD CREAMERY COMPANY, ET AL. *v.* McDONALD.

Decided September 19, 1927.  Rehearing denied October 24, 1927.

Action for conversion.  Judgment for plaintiff.

*Affirmed.*

1. CONVERSION—*Jury Question.*  In an action for conversion, the truth and sufficiency of defendant's evidence explaining why he took the property, held for the jury.

2. EVIDENCE—*Other Similar Transactions.*  In an action for conversion, evidence of other similar transactions held competent where it was alleged that the conversion was in pursuit of a plan or design, and the question of guilty knowledge was a material and relevant issue.

3. VERDICT—*Sufficiency.*  Verdict of $1 held justified where the jury, although returning a verdict for plaintiff, may have found the proof of amount of damage insufficient.

4. NEW TRIAL—*New Evidence.*  The general rule is that a new trial will not be granted for new evidence which is merely impeaching or discrediting.

5. *New Evidence.*  Impeaching evidence which is merely cumulative of what might have been produced at the trial, held not a sufficient ground for a new trial.

6. APPEAL AND ERROR—*Trial.*  On review, it will be presumed that counsel was sincere in asking a witness if he had not told certain named parties that the facts to which he was testifying were not true.

7. *Jury Questions.*  Function of the jury to determine facts will not be usurped by the court on review.

### On Rehearing.

8. NEW TRIAL—*New Evidence.*  A new trial will not be granted on the ground of newly discovered evidence unless such new evidence will probably change the result on a new trial.

9. *New Evidence—Court Discretion.*  The granting or refusing of a motion for a new trial on the ground of newly discovered evidence is always within the sound discretion of the trial court.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Mr. A. W. McHENDRIE, Mr. B. H. SHATTUCK, for plaintiffs in error.

Messrs. NORTHCUTT & NORTHCUTT, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

McDONALD, plaintiff below, had a verdict and judgment against the plaintiff in error, defendant below, for one dollar, in an action for converting and adulterating plaintiff's cream, and the defendant brings error.  The defendant set up a counterclaim which charged plaintiff with the same conduct with which he charged defendant. The verdict on the counterclaim was for plaintiff.

The complaint alleged and the evidence showed that the plaintiff and defendant were competing in Trinidad in the purchase of cream and in the manufacture and sale of products therefrom, and that they purchased the cream from farmers who were scattered over a wide area around the city and who consigned it to them by express and parcel post; the complaint also alleged and there was evidence to show that defendant took from the express company cream which was consigned to plaintiff and appropriated the same to its own use and that it took cans of plaintiff's cream, appropriated part, replaced it with buttermilk and returned the cans with the adulterated contents to plaintiff. Plaintiff claimed that, since he bought the cream at a price based on his own test of its butterfat content, such conduct destroyed his reputation with the farmers and so injured his business.

The plaintiff in error makes five points which we will take up in their order:

1. That the verdicts are not supported by the evidence. There is direct evidence that defendant repeatedly took plaintiff's cream from the express company and from the post office. The defendant's evidence offers an explanation of this, but the truth and sufficiency of such evidence was for the jury.

2. That the trial court admitted evidence of other transactions by defendant like those of which it was accused by plaintiff. This was right. This evidence was competent in support of plaintiff's claim that the defendant's adulteration of his cream was in pursuit of a plan or design (*Bruno v. People,* 67 Colo. 146, 186 Pac. 718), and because, being charged with malice, (in re exemplary damages) defendant claims ignorance of wrong doing, the question of his guilty knowledge thus becoming material and relevant. Id.

3. That the court erred in its failure to instruct the jury what the purpose of the evidence above mentioned was. The court did so instruct them.

4. That the verdict of one dollar for plaintiff is not supported by any theory of the case. The jury may have found that defendant took plaintiff's cream, but that the proof of damage or of the amount taken was insufficient and thus their verdict would be justified.

5. That the motion for new trial on the ground of new evidence should have been granted. The new evidence is to the effect that certain of plaintiff's witnesses have, since the trial, said that their testimony was false. The general rule is that a new trial will not be granted for new evidence which is impeaching or discrediting merely, and while it is true that if such new evidence will wholly destroy the case upon which the verdict rests, courts will sometimes grant, and ought to grant the new trial, yet in the present case that would not be so, because the evidence claimed to be false was of adulteration merely, and there is other evidence of adulteration and so the new evidence is not only merely discrediting, but is cumulative. It is cumulative also because the cross-examination of these discredited witnesses for plaintiff shows that some evidence of the same kind was available to defendant at the trial. For example the witness Jansen was asked whether he had not told certain named persons that the facts to which he was testifying were not true. We must presume that counsel was sincere in these questions and if so these persons might have been called. The new evidence now offered, therefore, is cumulative to what at least might have been presented to the jury.

The plaintiff in error also argues that, if it is to be charged with taking plaintiff's cream, plaintiff must be charged with taking its cream. True the jury might have so found, but they may have believed plaintiff's explanation of what taking he did while disbelieving or holding insufficient the explanation by defendant. We cannot usurp their functions.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.

## On Rehearing.

MR. JUSTICE DENISON.

On motion for rehearing counsel for plaintiff in error have most ably and forcibly urged that we have overlooked the previous decisions of this court in respect to newly discovered evidence, especially *Denver Tramway Co. v. Brier,* 60 Colo. 235, 152 Pac. 901, L. R. A. 1916B, 1132. We have given their argument most careful attention; however, even if we concede that they are right in their proposition that a new trial should be granted where the new evidence is of a conspiracy to commit perjury for a reward, even though such evidence is cumulative and discrediting, yet it remains true that the new trial should not be granted, even in such a case, unless the new evidence will probably change the result, and in the present case that would not be likely, because the discredited evidence went solely to the charge of adulteration of cream; there was evidence of misappropriation thereof, the damages were nominal only, and the matter is always in the sound discretion of the trial court. We must deny the motion for rehearing.

True, it is claimed that some of the new evidence will be that the witness Jorgensen has said that the whole case for the plaintiff was a frame-up, but with no other evidence than that, the trial court would be justified in concluding that another trial would reach the same result. There were many witnesses to the misappropriation, and many items, any one of which, if the jury believed it, would have been enough to justify the verdict.

As to the case of *Denver Tramway Co. v. Brier, supra,* we think it very strong, but it differs from the case here in this, that in that case, there was at the trial strong, direct evidence of disinterested witnesses that there was

perjured testimony, so much so that the trial judge and this court commented on it. Here we have not so strong a case and we cannot say that the discretion vested in the trial court was unsoundly exercised.

We feel compelled to say, however, that if the showing can be substantiated (and a vigorous effort ought to be made to sift the matter to the bottom), the district attorney should use his utmost efforts to punish the perjury and subornation here disclosed. Courts cannot do justice if evidence is false. We continually admonish juries to look to the evidence alone. The perjurer is the greatest enemy of justice, and though convictions are usually difficult, yet the fear of mere prosecution is a great deterrent, and fear is the only protection against the perjurer, because he has no conscience or honor.

Rehearing denied.