## No. 14,386.

### Schlessman v. Brainard.
(92 P. [2d] 749)

Decided June 26, 1939. Rehearing denied July 17, 1939.

Messrs. PARRIOTT & CRANSTON, for plaintiff in error.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE defendant in error, to whom we shall refer as plaintiff, instituted an action in the district court of the City and County of Denver against plaintiff in error, herein denominated defendant, for actual damages in the sum of $2,000 for injuries said to have been sustained as the result of an assault and battery allegedly committed upon him by defendant. It was further pleaded that defendant, in committing the alleged assault and battery, was guilty of wanton and reckless disregard of plaintiff's rights and feelings, as a result of which plaintiff additionally prayed for exemplary damages in the sum of $2,000.

516

The answer of defendant denied that he committed the wrong of which complaint was made; denied that he was in any manner guilty of wanton or reckless disregard of plaintiff's rights and feelings, or that he in any manner injured plaintiff; affirmatively it alleged that the assault, if one occurred, was provoked by plaintiff; that there was an accord and satisfaction of any damages which plaintiff might have suffered in the transaction, and that at the time of the alleged assault plaintiff was creating a disturbance which the defendant was lawfully acting to suppress by reason of which his laying of hands on plaintiff was justified. By cross complaint defendant sought actual damages for defamation of character, arising from words allegedly spoken by plaintiff, in the sum of $2,000 and for $3,000 as exemplary damages in connection therewith.

These several issues were submitted to a jury which returned a verdict in favor of plaintiff for actual damages in the sum of $428, and exemplary damages in the sum of $312. Defendant's motion for new trial was overruled and judgment having been entered in accordance with the verdict, he brings the proceeding here for review.

Although numerous errors are assigned, but two propositions are argued as grounds for reversal. It is first urged that the trial court erred in permitting the jury to award exemplary damages and including the amount thereof in the final judgment below upon the premise that the evidence was insufficient to support an award therefor. It is well established in most jurisdictions that exemplary damages in excess of compensation for the actual injury are recoverable in an action for assault or for assault and battery where the wrongful act was committed recklessly, wantonly or without provocation or excuse. 6 C. J. S. 902, par. 55 (1). This rule prevails in Colorado. '35 C. S. A., c. 50, §6; *McConathy v. Deck,* 34 Colo. 461, 83 Pac. 135. The evidence adduced by the respective parties relating to the circumstances which transpired immediately previous to and at the time of the

alleged assault, the details of which we feel it unnecessary to relate, was highly conflicting. By the verdict returned it is evident that the jury accepted plaintiff's version of the transaction, which sufficiently disclosed that there was no provocation or lawful excuse for the assault and battery. Where there is evidence of the elements which would entitle plaintiff to a recovery of exemplary damages, the allowance or denial thereof rests in the discretion of the jury. *Kinney v. Williams*, 1 Colo. 191; *Williams v. Williams*, 20 Colo. 51, 37 Pac. 614; *Republican Pub. Co. v. Conroy*, 5 Colo. App. 262, 38 Pac. 423. Under such circumstances it is elementary that an appellate court, regardless of its views on the weight of the evidence, must consider this issue as having been conclusively resolved by the jury in favor of the successful party and uphold the verdict. *Schrieber v. Burton*, 81 Colo. 370, 256 Pac. 1; *Harding v. Harding*, 36 Colo. 106, 85 Pac. 423.

As a second ground upon which defendant relies for reversal he asserts that the court erred in overruling his motion for new trial, which he argues should have been granted because of accident and surprise to the defendant occurring at the trial which by the exercise of ordinary prudence could not have been guarded against; that there was newly discovered evidence material in his defense which he could not produce at the trial, which, it is said, if presented probably would have resulted in a different verdict had a new trial been granted. This dual contention arises in connection with a single answer made in the testimony of a fourteen-year-old boy who appeared as a witness for plaintiff. At the trial, on direct examination, this witness stated that at the scene of the altercation and immediately thereafter defendant's wife made a remark expressing surprise at defendant's conduct. Plaintiff himself testified that such a remark was made, but both defendant and his wife denied the making of any statement of this nature by her, although she admitted that

she did not anticipate defendant striking plaintiff at the time he did.

As grounds of surprise at the trial defendant in his motion for new trial asserts that he interviewed plaintiff's witness previous to the trial and that this witness then stated that he did not hear any of the words spoken at the time of the altercation, whereas at the trial he testified that he heard defendant's wife make the statement mentioned. This same witness for plaintiff previously had testified that he arrived on the scene in time to see defendant strike the plaintiff. At the trial, for the purpose of discrediting the testimony of this witness, defendant stated that at the interview above mentioned the witness "told me that he came up Lincoln street on his bicycle and did not see me hit Mr. Brainard," but he failed to testify that in such interview the witness had stated that he did not hear any words spoken at the scene of the controversy, although, according to the allegations in the verified motion for new trial defendant was cognizant of this matter previous to the time of the trial. Further, this witness for plaintiff was not cross-examined by defendant's attorneys with reference to this point, although they interrogated him concerning the alleged conflict in his statement to defendant and his testimony given on the witness stand as to the time he arrived on the scene of the accident. Neither at the time this testimony was received, nor at any time until the motion for new trial was filed, did defendant claim surprise therefrom. "Before * * * a party in a case of this character can be permitted a new trial, there is a duty devolving upon him which it must first appear that he has properly performed. It must be shown that immediately when the cause of surprise arose, he made objection, or called the matter to the attention of the trial court, and promptly sought to avail himself of some legal relief to which he might be entitled. It is not sufficient that he held the fact of this surprise as a secret in his own bosom, and made no manifestation of it until after the verdict is rendered,

and he discover that it is against him.'' *Hardware Co. v. Yankee,* 9 Colo. App. 443, 447 (48 Pac. 1050). With his motion for new trial defendant submitted an affidavit of this witness for the plaintiff in which it was admitted that if defendant's wife said anything, affiant did not hear the words spoken. Upon the basis of this repudiation and the consequent falsity of the testimony as to this statement given at the trial, defendant argues for reversal on the ground of newly discovered evidence. While it is likely that no precise rule can be laid down which is universally applicable to this subject, we said in *Buchanan v. Burgess,* 99 Colo. 307, 309 (62 P. [2d] 465) : ''False testimony is not one of the grounds for a new trial enumerated by the Code. Civil Code, p. 148, C. L. 1921, §237. In some jurisdictions it appears that false testimony is ground for a new trial, in others not. Where it is so it must be clearly established, and that the testimony was by a party, or induced by him, and generally that the witness has been convicted or is dead. 46 C. J., p. 230, §186.'' Conclusions generally consistent with this rule have been announced by this court in *Denver Tramway Co. v. Brier,* 60 Colo. 235, 152 Pac. 901, L. R. A. 1916B 1132; *Trinidad Co. v. McDonald,* 82 Colo. 328, 259 Pac. 1028; *Morgan v. Gore,* 96 Colo. 508, 44 P. (2d) 918, and *Proctor v. People,* 101 Colo. 163, 71 P. (2d) 806. There is no suggestion that the testimony of the witness as given at the trial was induced by defendant or given in pursuance of a conspiracy to . commit perjury for a reward, as was the situation in *Denver Tramway Co. v. Brier, supra.* The evidence as to this statement also was cumulative in that plaintiff testified that the remark was made, which generally, in the absence of special circumstances, such as existed in *Denver Tramway Co. v. Brier, supra,* for example, would preclude the granting of a new trial. *Trinidad Co. v. McDonald, supra.* If the view is taken that the witness' admission of the falsity of this statement could be used at a subsequent trial to discredit him, it is doubtful whether, in the absence of complicity with the plaintiff, granting of a new

trial would be justified on this ground under the authorities last cited. Further, it is obvious that the questioned statement allegedly being only a remark of a spectator to the occurrence, at the most is collateral to the principal issue and expresses no more than the reaction of the spectator to the transaction. However, whatever may be the refinements of the general rule, as a common element under all pronouncements in this field, it is well recognized that a new trial should not be granted unless the newly discovered evidence probably would change the result. In denying the motion for a new trial the trial court must have concluded that the omission of the questioned statement from the testimony of this witness would not result in a different verdict at a subsequent trial. In the resolution of this question much must be left to the discretion of the trial court, whose ruling will not be reversed save for an abuse thereof. *Walsmith v. Hudson,* 77 Colo. 326, 236 Pac. 783; *Trinidad Co. v. McDonald, supra.* Notwithstanding the earnest argument of counsel for defendant to the effect that the verdict was largely attributable to the false statement under consideration, because of the circumstances that the witness giving this testimony was one of the two disinterested witnesses to the transaction, as a result of which his story and the details thereof were major factors in tending to discredit the testimony of defendant and his wife who alone testified in the former's behalf, we are constrained to believe from our examination of the record that other considerations likely account for the verdict and under the circumstances disclosed are unable to say that the trial court abused its discretion in denying the motion for new trial.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.