Caralee J. PIERCE, Personal Representative For the Estate of Thomas Laclead Pierce, Deceased, Appellee,

v.

Helen M. ERZEN, Appellant.

No. 83CA0130.

Colorado Court of Appeals,
Div. II.

Oct. 20, 1983.

**1024**

Buchanan, Thomas & Johnson, G. Thomas O'Malley, III, Lakewood, for appellee.

George J. Duckworth, Denver, for appellant.

KELLY, Judge.

Helen M. Erzen, claimant, appeals from the judgment of the trial court disallowing her claim against the estate of Thomas Laclead Pierce. We affirm.

Claimant filed a claim against the estate, pursuant to § 15–12–804, C.R.S.1973, for money due her on a promissory note executed by the decedent. When the estate disallowed the claim, claimant filed a petition for allowance of the claim, pursuant to § 15–12–806, C.R.S.1973.

At the outset of the trial, the estate stipulated to the genuineness of the decedent's signature on claimant's note and expressed its intent to waive the Dead Man's Statute and to rely instead on the defenses of failure of consideration and payment. Claimant contends that the trial court erred in permitting the estate to present evidence in support of the defenses of payment and offset, which had not been identified by the estate in its answers to claimant's interrogatories, and in denying her motion for new trial based on surprise. We do not agree.

Even though claimant knew at the outset of the trial that the estate intended to waive its right to invoke the Dead Man's Statute, and to rely instead on the defense of payment, she raised no objection at that time. Moreover, the cross-examination to which she did object concerned her endorsement on the promissory note which had been admitted in evidence by stipulation. It was this endorsement which provoked the inquiry concerning payment. Claimant did not request a continuance although the trial court offered additional time to rebut the further documentary evidence of the estate showing payment.

The claimant may not assert surprise where the record shows that her opponent's defense arose from the very evidence on which claimant's case was based. *See Murphy v. Colorado Aviation, Inc.,* 41 Colo. App. 237, 588 P.2d 877 (1978). Further, the trial court did not abuse its discretion in denying her motion for new trial based on surprise when claimant failed to avail herself of the relief to which she was entitled and which was offered to her. *See Schlessman v. Brainard,* 104 Colo. 514, 92 P.2d 749 (1939).

Claimant also argues that the evidence presented did not support the judgment of the trial court. The findings of the trial court must be accepted on review unless they are so clearly erroneous as to find no support in the record. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979). There was evidence in the record to support the findings of the trial court and we will not reverse.

Finally, claimant argues that the trial court erred in denying her motion for summary judgment. *Manuel v. Fort Collins Newspapers, Inc.,* 631 P.2d 1114 (Colo.1981) is dispositive of this issue.

Order affirmed.

SMITH and VAN CISE, JJ., concur.